## Waynik v. Suhyda

Before

Griffith, P. J. and McDonald, J.

*Di Francesco & Di Francesco*, for plaintiffs.

*Myers, Taylor & Peduzzi*, for defendants.

McDONALD, J., March 8, 1960.—On June 21, 1955, John Waynik, plaintiff, while a passenger in an automobile owned by Charles Suhyda and operated by Alexander Waynik, was seriously injured when the automobile was struck by a runaway tractor-trailer owned by D. E. Blanchard, trading as Blanchard's Trucking Service (hereinafter referred to as Blanchard) and operated by William Roberts. Alexander Waynik died as a result of injuries sustained in the accident. Mr. Suhyda was not present in the automobile.

Plaintiffs filed an action against Blanchard in the United States District Court for the Western District of Pennsylvania. In that action, Blanchard joined Andrew Waynik, Executor of the Estate of Alexander Waynik, deceased, as a third party defendant. On April 26, 1957, by stipulation and order of the Court, the action was dismissed with prejudice.

On May 25, 1957, the present action in trespass was filed in this court by plaintiffs against Andrew Waynik, Executor of the Estate of Alexander Waynik, deceased, and Charles Suhyda (who was not named in the case before the Federal district court). According to the averments of the complaint, the deceased was operating the automobile as agent, servant, workman and employe of defendant Suhyda. Suhyda, in his answer, denied agency, and, in new matter, averred the order of the Federal district court, dismissing the prior case with prejudice, is res judicata of the issues

herein. He has filed a motion for judgment on the pleadings which is now before this court for disposition.

Plaintiffs argue that the order of dismissal in the prior case is not res judicata of the present action because: (1) The parties and cause of action are not the same; (2) the settlement and dismissal was not a decision on the merits. Defendants argue the order is res judicata because: (1) Alexander Waynik, deceased, was a third party defendant in the prior case; (2) the liability of Suhyda is derivative under the theory of respondeat superior.

In this day of crowded court calendars and rules in both State and Federal courts which permit the joinder of all parties interested in a suit, the defense of res judicata has assumed new importance. As stated in 30A Am. Jur., §326, pp. 373-374:

"Public policy and the interest of litigants alike require there be an end to litigation which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. The doctrine of res judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings".

Upon the motion for judgment now before us, we must decide whether an order of the Federal district court, entered upon stipulation of the parties before that court, which dismisses an action "with prejudice," is res judicata of the action now before this court.

Defendant Waynik, represented by his executor, was a third party defendant in the prior case. His

liability to plaintiffs, or by way of contribution to the original defendant, Blanchard was certainly in issue before that august tribunal. That liability had to be determined by evidence of his negligence in the same occurrence and under the same circumstances as are now before this court in the present action. Because Blanchard was not named as a codefendant here, does not alter the fact that Waynik, as in the prior case, is required to once again face the same charges of negligence and be prepared to defend.

In Wallace's Estate, 316 Pa. 148, 153, the general rule of res judicata is stated as follows:

"Broadly stated, the rule of res judicata is that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court."

In Helmig v. Rockwell Manufacturing Company, 389 Pa. 21, 29, those elements necessary to raise the defense of res judicata were stated as follows:

" 'In order to make a matter res adjudicata there must be a concurrence of the four following conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made.' "

We must, therefore, decide whether these elements are satisfied in order to determine whether the order of dismissal in the prior case is res judicata.

With reference to Alexander Waynik, deceased, one of the defendants, we are satisfied the above four elements are present. The prior and present actions involve the same occurrence, to wit: The accident which occurred on June 21, 1955, in which John Waynik, one of the plaintiffs, was injured and for which damages are claimed. As a third party defendant in the prior action, defendant Waynik's liability to plaintiffs and/or his liability to the original defendant, Blanchard, by way of contribution in event of an adverse verdict, were rested on negligence involving the same cause of action as here. The mere fact that Suhyda has been named as a codefendant and Blanchard not, will not defeat the application of the doctrine of res judicata, if, in fact, this is an attempt to relitigate the same action again. As stated in the Helmig case, supra, pages 30 and 31:

"The words of Mr. Justice Kephart, in Hochman v. Mortgage Finance Corporation et al., 289 Pa. 260, 263, 137A. 252, are particularly apposite here: 'It is a general principle of public policy, making for the general welfare, for the certainty of individual rights, and for the dignity and respect of judicial proceedings, that the doctrine of res adjudicata should be supported, maintained and applied in proper cases. . . . The rule should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose,—a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule' ".

If the order in the prior case was a judgment on the merits, we are satisfied "the ultimate and controlling issues have been decided," and the defense of res judicata will bar the present action.

Was the order of the Federal court an adjudication on the merits as it must be if the defense of res judicata is to bar this action? A judgment on the merits is one which is based on the legal rights in issue as distinguished from matters of practice, procedure, jurisdiction or form. In short, it is a decision which determines the rights of the parties on an issue of law or fact, or both. Admittedly, a judgment of dismissal in a former action involving the same cause and parties, on a technical ruling which does not affect the merits, is not res judicata of a subsequent action; it is only conclusive of the point decided. However, here it is not contended the order of dismissal was so predicated.

In deciding whether the order of dismissal was on the merits, it is necessary to understand the common legal import of the words "with prejudice." As a general proposition, an order of dismissal "with prejudice" made upon agreement or stipulation of the parties before trial, or by the court after trial, is a judgment on the merits and operates as res judicata of the issues in the case, thus barring a subsequent suit on the same cause of action: Esquire, Inc., v. Varga Enterprises, 185 F. 2d 14; Cleveland v. Higgins, 148 F. 2d 722; Burns v. Fincke, 197 F. 2d 165.

While it is true, if a judgment with prejudice is entered and it clearly is not on the merits, the affixing of these words to the judgment, regardless of the intention of the court, will not be res judicata of the issues or bar a subsequent suit. This was clearly pointed out in Goddard v. Security Title Insurance and Guarantee Company, 83 P. 2d 24 (cited by plaintiffs in their brief), wherein the court was asked to grant judgment in favor of the defendants on the defense of res judi-

cata which they contended resulted from a decision in the Federal district court (Goddard v. Metropolitan Trust Company, 82 F. 2d 902), wherein the same action had been dismissed "with prejudice." In the previous case, plaintiff had sued the stockholders of Metropolitan, alleging misuse of trust funds. At that trial, the court sustained a demurrer to the action and dismissed it with prejudice on two grounds: (1) The theory of conversion of funds was not a proper action; (2) insufficiency of pleadings. In holding the defense of res judicata would not lie, the court in the subsequent case, decided the previous order, sustaining the demurrer and dismissing the actions, was based on technical and formal defects and not on the merits. (Rehearing denied, 14 Cal. 2d 47, 92 P. 2d 804.)

In discussing the general question of res judicata and its particular application to orders of dismissal with prejudice, the court in the Goddard case stated that such an order is a bar to a subsequent action: (1) When it is on the merits and in such case the words "with prejudice" add nothing to the order, and (2) when the dismissal is entered by "consent or stipulation of the parties, after compromise or settlement . . . where the dismissal is intended to operate as a retraxit and end the litigation."

"Retraxit," the common-law method of concluding an action, is not often used in modern practice, having been supplanted by less formal procedures in the settlement of litigation. In order to effect a retraxit, plaintiff was required to make an open and voluntary renunciation of his claim in open court. This action, when formalized by a judgment of the court, concluded the case for all time. Today, the mechanics of settlement have been streamlined and usually settlement agreements are made between the attorneys, or at a pretrial or conciliation session, thus eliminating the necessity of plaintiff appearing physically before the

court and formally renouncing his claim. Because the modern procedure is followed, wherein the settlement agreement is by stipulation on the record and order of dismissal, does not detract from its finality. Especially so when the parties permit the dismissal of an action "with prejudice." The intention in such case, to make the order binding and conclusive for all time, is just as certain as if plaintiff had appeared before the court. In fact, a dismissal of an action with prejudice has been described as a modern retraxit: Robinson v. Hiles, 119 Cal. App. 2d 666, 260 P. 2d 194.

In applying the above to the case at bar we must conclude, since the order in the prior case was by stipulation, it was intended to be and in fact was, no less than a judgment on the merits. Had it been intended to dismiss only the action against the original defendant, such could have been accomplished by an appropriate order, thus permitting plaintiffs to proceed against the third-party defendant. To now allow them to prosecute the same action before another court, ignoring the dismissal order entered into with their full knowledge and stipulation, would, in effect, allow them another day in court and impeach the prior order.

Aside from the obvious effect that to permit relitigation would render the making of such an order in a court of record subject to collateral attack in another court and promote litigation, we must consider defendant Waynik's position. On the face of the record now before us, since he was a third-party defendant, he was a party to the stipulation and order of court. If he was not, as plaintiffs aver in their answer to new matter, then that should have been so stated in the order rather than to now ask this court, in effect, to amend or set aside the order of the Federal court as it relates to him. Perhaps despite the settlement with Blanchard, the original defendant, it would have been

advantageous from a contribution standpoint for him to have retained Blanchard on the record for trial. Is he now, sued with his principal, in a less favorable position? Was he prepared for trial before the Federal court and are his witnesses now available? These are matters which may, or may not, affect his substantive rights and which, as we view it, are not, and cannot be, answered by the record now before us.

In our opinion, this is not the proper tribunal to try the many questions which are raised. If the order was res judicata as to Blanchard, it must, on its face, have the same effect as to defendant Waynik. The proper procedure to correct the record, if it is erroneous and defendant Waynik was not a party to the stipulation and order, is by petition in the Federal district court to vacate. If a stipulated settlement with an order of dismissal using the words "with prejudice" can be attacked in a court other than where made, the finality of such orders would always be suspected, and settlements, the "favored children" of the law, would lose their allure. Litigation would be endless and those who had the temerity to settle an action could be harassed by successive vexatious suits.

Plaintiffs have cited the case of Fleck v. Marzano, 108 F. Supp. 556, as holding that plaintiff who had settled with one of two joint tortfeasors and executed a release in accordance with the provisions of the Uniform Contribution Among Tortfeasors Act, could proceed against the other joint tortfeasor. It is alleged in plaintiffs' answer that defendant Waynik did not agree or contribute to the settlement in the prior case. We have no quarrel with the decision of the Fleck case, since there the motion of plaintiff requested dismissal against only one of the joint tortfeasors, thus preserving the action against the other. In the case at bar, the order of dismissal in the prior case was of the action in toto and, therefore, included both defend-

ants. Had plaintiffs, as in the Fleck case, supra, moved to dismiss as to Blanchard only, they could then have proceeded against defendant Waynik. If they did not intend the action to be dismissed in toto, then, as suggested above, the order must be amended by the court which made it.

Plaintiffs argue that even though we grant judgment against them and in favor of defendant Waynik, they may proceed against Suhyda who was not a party to the prior case. They contend that as owner of the automobile negligently operated by his servant, he had breached a separate duty to plaintiffs.

Under the doctrine of respondeat superior, the wrongful or negligent act of a servant or employe becomes the act of the master or employer by imputation, thus making him liable for injuries to third persons resulting from that act. They are not, however, joint tortfeasors, but rather the liability of the employer or master for the wrongful or negligent act of his employe or servant is derivative. They are privies each to the other. Since, as noted above, the doctrine of res judicata will bar a subsequent suit against privies of parties to a prior suit, a judgment in favor of, or against, either the master or servant, will bar a subsequent action naming the one not previously sued.

As a general rule a judgment for plaintiff in an action arising out of an accident is res judicata in a subsequent action as to the issue of negligence against one not a party to the prior action but who is derivatively responsible: 133 A. L. R. 196; 23 A. L. R. 2d 729. In the case at bar, Suhyda's liability as master or employer is based upon the negligence of his servant or employe, defendant Waynik. The order of dismissal in the prior case, which we hold to be a judgment on the merits against defendant Waynik, therefore precludes a relitigation of the same issue of negligence

against Suhyda: 38 Am. Jur. §375, p. 1098. The mere naming of a master who was not a party to the prior suit in which the servant was a party will not defeat the defense of res judicata, when, as we believe, the "ultimate and controlling issues have been decided" (Helmig case, supra) in the prior proceeding. To allow this action against Suhyda, when his liability is predicated on the doctrine of respondeat superior, would be a relitigation of the same issues contrary to the intent and purpose of the doctrine of res judicata.

We hold, therefore, that the judgment of dismissal with prejudice of the prior action in the Federal court is res judicata of the issues in the present action.

## Order

Now, March 8, 1960, after review of the record, argument and consideration of the briefs submitted, it is hereby ordered and decreed that judgment be entered against plaintiffs and in favor of defendants on the pleadings. The costs to be paid by plaintiffs.