### 23133

STATE BOARD OF MEDICAL EXAMINERS OF SOUTH CAROLINA, Respondent v. FENWICK HALL, INC., Appellant. In re ANONYMOUS, Appellant.

(387 S. E. (2d) 458)

Supreme Court

*John E. Parker,* of *Peters, Murdaugh, Parker, Eltzroth &*

*Detrick, P.A.,* Hampton, *for appellant Anonymous.*

*Capers G. Barr, III,* Charleston, *for appellant Fenwick Hall.*

*Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for respondent.*

Submitted Oct. 19, 1989.

Decided Jan. 8, 1990.

CHANDLER, Justice:

Appellant Anonymous appeals an Order requiring disclosure of his medical records for drug and alcohol treatment at Appellant Fenwick Hall, Inc. We reverse.

## FACTS

Anonymous is a licensed medical doctor who admitted himself to Fenwick Hall, a drug and alcohol treatment center. He had become addicted to medication prescribed for pain resulting from an automobile accident.

Respondent State Board of Medical Examiners (Board), in the course of its investigation of alleged professional misconduct, petitioned Circuit Court for an Order directing Fenwick Hall to release Anonymous' medical records. The summons issued to Anonymous required response within four days.

After a hearing, the Court ordered Fenwick Hall to release the records. The Order references a "confidential memorandum" submitted by Board concerning its investigation, which memorandum, was neither disclosed to Anonymous, nor made part of the record.

## ISSUES

Although several issues are raised, we address only

1. Whether the summons was defective, depriving the Court of jurisdiction;
2. Whether the Court erred in refusing to dismiss the petition on the ground that it failed to state facts entitling Board to relief.

## DISCUSSION

### I. SUMMONS

In *Newberry County Water and Sewer Authority v. Welco Construction and Utilities Co., Inc.*, 275 S. C. 1, 266 S. E. (2d) 875 (1980), we held that a summons requiring an appearance in less than the statutory time is fatally and jurisdictionally defective.[1] Rule 12, S. C. R. C. P. entitles a defendant to thirty days in which to respond.

The summons here, requiring a response within four days, was fatally defective, vesting no personal jurisdiction in the Circuit Court.

### II. FAILURE TO STATE A CLAIM

"A ruling on a 12(b)(6) motion to dismiss [for failure to state a claim] must be based *solely* upon allegations set forth on the face of a complaint." *Toussaint v. Ham*, 292 S. C. 415, 357 S. E. (2d) 8 (1987). [Emphasis supplied].

Here, the Court did not confine its ruling to the allegations of Board's petition. It relied upon the confidential memorandum, a document which clearly should not have been considered. The error was exacerbated by the fact that the memorandum was not made available to Anonymous nor was it a part of the record.

### CONCLUSION

The Order requiring disclosure of the records is reversed.

Reversed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[1] At the time of *Newberry*, § 15-9-20 provided that a defendant have twenty days in which to respond. This section was repealed and replaced by Rule 12, S. C. R. C. P.