2407

James L. BROWN, Jr., a/k/a James L. Brown, Respondent v.
Dal H. FELKEL and Dal H. Felkel & Associates, Appellants.

(465 S.E. (2d) 93)

Court of Appeals

*E.N. Zeigler,* Florence, *for appellants.*

*Daryl J. Corbin,* Florence, and *Kenneth R. Young, Jr.,* Sumter, *for respondent.*

Heard Sept. 12, 1995.

Filed Oct. 30, 1995; Reh. Den. Dec. 21, 1995.

HOWELL, Chief Judge:

This case arises out of a professional negligence claim. James L. Brown alleged Dal H. Felkel and Dal H. Felkel & Associates (DFA), Brown's accountants, breached their fiduciary duties to Brown, and were grossly negligent in promoting his investment in Southern Agricultural Chemicals, Inc. and failing to warn him of Southern Agricultural's financial problems. A jury awarded Brown $240,625.00 actual damages and $255,000.00 punitive damages. We reverse.

DFA began handling Brown's personal and business accounts in the 1960s. In 1973, DFA advised Brown about certain investments in Southern Agricultural, another of DFA's clients. From 1973 until 1978, DFA arranged a series of loans secured by notes from Brown's business, Kelly Nursing Home, to Southern Agricultural totalling $155,000.00. In 1982, Brown learned Southern Agricultural was going bankrupt. As a result, he called DFA and demanded payment of his notes. Southern Agricultural issued a check to Brown for $172,500.00. However, before Brown could present the check for payment, he was informed Southern Agricultural lacked the funds to satisfy it.

On May 10, 1982, Ralph Tiller, president of Southern Agricultural, gave Brown a note for $192,500.00 secured by a mortgage on Tiller's one-third interest in an 855-acre tract in Charleston County. The Tiller note was due and payable in six months. When Tiller failed to satisfy the note, Brown threatened to foreclose on the mortgage. To prevent foreclosure, Felkel gave Brown a second note for $240,625.00, representing the $192,500.00 debt plus interest to date, secured by Felkel's one-third interest in the same 855-acre tract.

On January 29, 1988, Brown commenced this action (the "Florence action") alleging a breach of contract against Tiller and Felkel, and negligence against DFA. In 1989, the Yaschik Development Company, Inc. began foreclosure proceedings in

Charleston County (the "Charleston action") involving the 855-acre tract. As result of his interest in the property, Brown was named a defendant in the Charleston action. Brown filed a cross-claim against Tiller and Felkel seeking judgment on the $192,500.00 and $240,625.00 notes. The master found Felkel liable to Brown for the full amount of the second note with compounded interest totalling $712,319.96 in addition to $25,000.00 in attorney fees.

Brown then pursued the Florence action. Before the Florence action trial, Tiller was dismissed as a defendant, and Brown agreed to strike his breach of contract claim against Felkel, leaving only a professional negligence cause of action. On appeal, DFA and Felkel contend the trial judge erred when he failed to grant their motion for a directed verdict on the ground Brown waived any tort claim he had when he took judgment on Felkel's note secured by a mortgage for the amount of his claim against Southern Agricultural in the Charleston action. DFA and Felkel argue Brown elected to proceed to judgment against Felkel in contract, and he cannot make a second recovery in a tort action based on the same facts. We agree.

The doctrine of election of remedies involves a choice between two or more different and coexisting modes of procedure and relief afforded by law for the same injury. *Tzouvelekas v. Tzouvelekas*, 206 S.C. 90, 33 S.E. (2d) 73 (1945). Its purpose is to prevent double redress for a single wrong. Use of the doctrine is limited to cases where a double recovery by the plaintiff is threatened. *Save Charleston Foundation v. Murray*, 286 S.C. 170, 333 S.E. (2d) 60 (Ct. App. 1985). When one set of facts entitles the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both. *Id.* The plaintiff should have a full opportunity to prove his claim to some form of relief, but he should not receive a double recovery. *Id.* The invocation of one remedy constitutes an election of remedies that will bar another remedy consistent therewith where the suit upon the remedy first invoked reached the stage of final adjudication. *Id.*

Even though Brown's causes of action in the Charleston and Florence suits were based on different theories of recovery, they nonetheless were consistent.

Brown, therefore, would not have been required to make an election had they been brought in the same suit. He could have pleaded and proved both the negligence cause of action and Felkel's liability on the note, but would have been limited to one recovery. *See Robert Harmon and Bore, Inc. v. Jenkins,* 282 S.C. 189, 318 S.E. (2d) 371 (Ct. App. 1984).

The issue is not whether Brown would have been required to elect among his causes of action had the matter been tried all in one case, but whether Brown obtained a recovery in the Charleston action arising out of the same facts as those at issue in the Florence action.[1]

In the Florence action, Brown sought actual damages resulting from DFA's and Felkel's negligent promotion and continuous assurances of the security of Southern Agricultural investments, their failure to assess the financial condition of Southern Agricultural, their failure to properly warn Brown of Southern Agricultural's financial problems, and their negligent inducement designed to encourage Brown to maintain his investment in Southern Agricultural. Brown also sought punitive damages due to DFA's and Felkel's gross negligence. However, Brown had already recovered a judgment in the Charleston proceeding against Felkel for his actual damages sustained as a result of his Southern Agricultural investment. The master in the Charleston proceedings awarded Brown actual damages occasioned by his investment in Southern Agricultural as embodied in Felkel's note to respondent for $240,625.00. Additionally, Brown was awarded compound interest and $25,000.00 in attorney's fees against Felkel pursuant to the note for a total judgment against Felkel of $737,319.96.

---

[1] Brown argues he is not barred from obtaining judgment in the Florence action because he is seeking damages in tort from DFA and Felkel, whereas in Charleston he obtained judgment against Felkel individually. Brown contends DFA and Felkel must prove the parties in the two actions were the same or their privies to successfully assert the defense of *res judicata. See Owenby v. Owens Corning Fiberglas,* 313 S.C. 181, 437 S.E. (2d) 130 (Ct. App. 1993).

However, DFA and Felkel contend Brown is barred from recovery because he has made an election of remedies. The election of remedies doctrine focuses on the prevention of a double recovery based on the same injury. Privity of the parties, in and of itself, is irrelevant to this defense. A review of the record in the Florence action and the master's findings in the Charleston action clearly show these actions were predicated on the identical facts and subsequent injury to Brown.

Clearly, these damages represented the actual damages sustained by Brown as a result of Felkel's negligence.[2] Brown was injured by Felkel once. To allow Brown to recover on a tort claim arising out of the identical facts upon which he has already received a judgment based on contract would result in a double recovery for Brown.[3] Where, as here, Brown obtains a final judgment on one remedy, he has elected that remedy, and is barred from recovering under any other consistent remedy.

As a result of the above analysis, we need not reach DFA's and Felkel's other arguments. Accordingly, the judgment is

Reversed.

SHAW and CURETON, JJ., concur.

---

[2] We again note the Florence jury awarded respondent actual damages of $240,625.00, the exact amount of the note awarded by the master in Charleston.

[3] Brown originally sought damages against DFA and Felkel in the Florence action based on breach of contract and negligence. However, after the Charleston action ended in a judgment against Felkel on the note, Brown agreed to strike the breach of contract action in the Florence proceedings because "a judgment ha[d] already been obtained on the same fact[s] [sic] in Charleston County." Brown, therefore, admitted he had already elected his remedy by obtaining judgment on his breach of contract cause of action in Charleston. Furthermore, during the Florence action, Brown admitted he would not have pursued this claim if the Charleston judgment could have been satisfied.