523 S.E.2d 182

**Johnny Furman COWART, Appellant,**

v.

**Bruce M. POORE, Respondent.**

No. 3054.

Court of Appeals of South Carolina.

Submitted Sept. 8, 1999.

Decided Oct. 4, 1999.

Rehearing Denied Dec. 4, 1999.

360

Johnny Furman Cowart, of Fort Mill, pro se.

Bruce M. Poore, of Rock Hill, pro se.

ANDERSON, Judge:

Johnny F. Cowart filed a legal malpractice action against Bruce M. Poore, Cowart's former attorney, alleging: (1) breach of contract; (2) negligence; and (3) violation of the Unfair Trade Practices Act. The Circuit Court judge granted Poore's motion to dismiss. Cowart appeals. We affirm.[1]

## FACTS/PROCEDURAL BACKGROUND

Poore represented Cowart in a mortgage foreclosure action. An hourly fee arrangement was agreed upon. Cowart also requested Poore represent him in a counterclaim against the mortgagee. Poore filed the action but notified Cowart he would not litigate it. By consent order substituting counsel, prior to the foreclosure hearing, Poore was relieved as counsel.

---

1. Because oral argument would not aid the Court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

Cowart sought a refund through the Fee Dispute Resolution Board. The Board denied Cowart relief, and dismissed the complaint. The Board elucidates:

3. We find, as a matter of fact, from the testimony and the exhibits in the record that ... Mr. Poore fully earned [his] fees and, in fact, had additional fees due [him] over and above what was actually charged, which they wrote off in order to terminate [his] relationship with Mr. Cowart....

. . . .

6. We further find that Mr. Cowart has unreasonable expectations to assume that he should be refunded the entire fee paid where work was performed. For emphasis, we find that the work performed was beneficial to Mr. Cowart ... in the case of Mr. Poore.

Cowart then filed this action.

Poore filed a motion to dismiss under Rule 12(b)(6), SCRCP, as to all causes of action, or in the alternative, a motion for summary judgment. Under his first cause of action in his complaint, Cowart alleged:

14. The defendant breached the contract between himself and the plaintiff by totally ignoring the specific instructions of the plaintiff about being notified of the first meeting with Home Federal.

15. The plaintiff also alleges that the defendant was *negligent* in his duties by attending the first meeting with Home Federal and preparing the answer and counterclaim without benefit of the file from [Cowart's former attorney's] office which contained the papers and documents dealing with this case.

16. The plaintiff also alleges that the defendant breached the contract between them when he refused to litigate this case in court as he had been hired to do.

17. As a result of the defendant's actions the plaintiff lost valuable time in order to prepare for trial and also the $1350.00 that the plaintiff had already paid the defendant plus interest, plus consequential damages. (Emphasis added.)

At the hearing on the motion, the trial judge required Cowart to elect between his contract action and his negligence

action. Cowart elected to proceed on the negligence action, and waived the contract action. The trial judge (1) found Cowart waived the contract action, or in the alternative the contract action was barred by the Fee Dispute Resolution Board decision; (2) granted the motion to dismiss on the negligence action as there was "no allegation by [Cowart] of any causal connection between the alleged negligence of [Poore] and any alleged damages;" and (3) granted the motion to dismiss the unfair trade practices for failure to state facts sufficient to set forth a cause of action.

In a motion to reconsider, Cowart raised procedural issues involving: (1) the Fee Dispute Resolution Board action; (2) Poore's violation of Rule 6, SCRCP, regarding Poore's memorandum in support of the motion to dismiss which was not served prior to the hearing; and (3) alleging the memorandum contained fraudulent statements. The trial judge held two hearings on the motion to reconsider. At the second hearing, Cowart asserted Poore had a conflict of interest in his action against Home Federal due to Poore's mortgage with Home Federal. Cowart also reargued his breach of contract claim, and denied waiving it in favor of the negligence claim. The trial judge denied the motion to reconsider.

## ISSUES

I. Did the trial judge err in finding Cowart waived his contract cause of action?

II. Is the holding of the Fee Dispute Board binding on the breach of contract claim if it is not waived?

III. Did the trial judge err in dismissing the legal malpractice and Unfair Trade Practices actions pursuant to Rule 12(b)(6), SCRCP?

IV. Did the trial judge err in allowing Poore to submit his Memorandum in Support of Defendant's Motion to Dismiss at the hearing in violation of Rule 6(D), SCRCP?

## STANDARD OF REVIEW

The ruling on a Rule 12(b)(6), SCRCP motion to dismiss must be based solely upon the allegations set forth in the complaint. *State Bd. of Med. Exam'rs v. Fenwick Hall,*

*Inc.,* 300 S.C. 274, 387 S.E.2d 458 (1990). On review, the motion will not be sustained if the facts alleged, and the inferences reasonably deducible therefrom, would entitle the plaintiff to relief on any theory of the case. *Stiles v. Onorato,* 318 S.C. 297, 457 S.E.2d 601 (1995); *Brown v. Leverette,* 291 S.C. 364, 353 S.E.2d 697 (1987). The question to be considered is whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief. *Toussaint v. Ham,* 292 S.C. 415, 357 S.E.2d 8 (1987).

## *LAW/ANALYSIS*

### Election of Remedies

 The doctrine of election of remedies involves a choice between two or more different and coexisting modes of procedure and relief afforded by law for the same injury. *Tzouvelekas v. Tzouvelekas,* 206 S.C. 90, 33 S.E.2d 73 (1945). Its purpose is to prevent double redress for a single wrong. Use of the doctrine is limited to cases where a double recovery by the plaintiff is threatened. *Save Charleston Foundation v. Murray,* 286 S.C. 170, 333 S.E.2d 60 (Ct.App.1985). When one set of facts entitles the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both. *Id.* The plaintiff should have a full opportunity to prove his claim to some form of relief, but he should not receive a double recovery. *Id.* The invocation of one remedy constitutes an election of remedies that will bar another remedy consistent therewith where the suit upon the remedy first invoked reached the stage of final adjudication. *Id.*

*Brown v. Felkel,* 320 S.C. 292, 294, 465 S.E.2d 93, 95 (Ct.App. 1995) *cert. dismissed,* 326 S.C. 36, 482 S.E.2d 564 (1997).

As we have stated, there can be no double recovery for a single wrong. This is the basic purpose of the election of remedies doctrine. Id. A defendant may raise the issue of election of remedies at any stage of the case. Indeed, to carry out the doctrine's purpose, the trial judge should on his own motion require election if he lets both causes of action go to the jury. *Nichols [v. State Farm Mut. Auto.*

*Ins. Co.*], 279 S.C. [336] at 341, 306 S.E.2d [616] at 619 [ (1983) ] (holding trial judge acted properly in striking verdict on one cause of action to prevent double recovery). To hold otherwise would result in an impermissible double recovery. *Adamson* [*v. Marianne Fabrics, Inc.*], 301 S.C. [204] at 208, 391 S.E.2d [249] at 251 [ (1990) ].

*Inman v. Imperial Chrysler–Plymouth, Inc.,* 303 S.C. 10, 15, 397 S.E.2d 774, 777 (Ct.App.1990).

Cowart originally brought his case before the Resolution of Fee Disputes Board (Board) pursuant to Rule 416, SCACR. In the action he claimed a refund of the fee paid to Poore. The Board found Poore had performed his duties and fully earned the fee in dispute. The complaint was dismissed.

Subsequently, this action was brought by Cowart alleging: (1) breach of contract; (2) negligence or professional malpractice; and (3) violations of the Unfair Trade Practices Act. Cowart's three causes of action would all be allowed had he brought this action first to trial. However, all the causes of action arise out of the same facts, the fee dispute. Cowart would have been required to elect his remedy at the end of trial.

Cowart chose to first pursue this action before the Board, and did not proceed to trial until he received an unsatisfactory judgment. Where the party submits its fee dispute to the Board and receives a final judgment, the same claim may not be brought, even if on different theories, again at trial. *See Save Charleston Foundation v. Murray,* 286 S.C. 170, 333 S.E.2d 60 (Ct.App.1985). We affirm the dismissal of the case on the grounds that Cowart has already elected review of this dispute by the Board, and to allow the instant action would permit a double recovery on the same set of facts.[2]

## *CONCLUSION*

We hold Cowart, having obtained a final judgment from the Board, has already elected his remedy in this action. He may

---

**2.** We may affirm upon any ground appearing in the Record on Appeal pursuant to Rule 220(c), SCACR. We need not reach the issues raised on appeal based upon our dismissal on other grounds.

not bring suit, even if based upon different theories, where the causes of action all arise out of the incident. It is a fundamental rule of law in this state that there can be no double recovery for a single wrong. *See Inman, supra; Harper v. Ethridge*, 290 S.C. 112, 348 S.E.2d 374 (Ct.App.1986); *Save Charleston Foundation, supra.* We rule a party may not bring a case before the Resolution of Fee Disputes Board, receive an final judgment, and then relitigate the claim, even under different theories.

**AFFIRMED.**

GOOLSBY, J., concurs.

CONNOR, J., concurs in result in separate opinion.

CONNOR, Judge (Concurring in result):

I concur with the majority in result. Because all three of Cowart's causes of action arise out of the disputed fee, I agree he is barred from a trial on those causes of action. However, I do not believe that all legal malpractice or Unfair Trade Practices claims are necessarily precluded by a client's prior submission of a fee dispute to the Resolution of Fee Disputes Board.

The Fee Disputes Board does not have the authority to determine legal malpractice claims. It only resolves fee disputes. "The Board is authorized to receive, inquire into, take proofs, and **make findings and final determination of disputes** between attorneys and clients ... **arising out of disagreements over fees**, costs and/or disbursements." Rule 416(4), SCACR (emphasis added). Further, "[u]pon consent of the client-applicant ... to be bound by the final decision of the Board, **exclusive jurisdiction over the fee dispute** vests in the Board." Rule 416(9), SCACR (emphasis added). Even if the Board ordered a fee returned to a client, the amount returned would not include consequential damages.[1]

---

1. The elements of legal malpractice include: (1) the existence of an attorney-client relationship; (2) breach of a duty by the attorney; (3) damage to the client; and (4) proximate causation of the client's damages by the breach. *McNair v. Rainsford*, 330 S.C. 332, 499 S.E.2d 488 (Ct.App.1998). The third element, damage to the client, may

In this case, Cowart seeks as actual damages only the amount he paid Poore. Therefore the Board's determination precludes him from pursuing a contract action to recover the disputed fees.

However, I also would affirm the dismissal of Cowart's malpractice and UTPA claims. First, Cowart again only requests as damages the amount of the fee paid to Poore.

Additionally, the only reference to legal malpractice in Cowart's complaint alleges Poore was negligent in attending the first meeting with the mortgage company and filing Cowart's answer and counterclaim without benefit of Cowart's legal file from a previous attorney. Cowart has not alleged any facts or inferences proving proximate causation. Therefore, the trial court properly dismissed Cowart's negligence/legal malpractice claim for failure to state facts sufficient to constitute a cause of action.

Furthermore, "[t]o be actionable under the UTPA, the unfair or deceptive act or practice must have an impact upon the public interest." *York v. Conway Ford, Inc.*, 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997). "Unfair or deceptive acts or practices have an impact upon the public interest if the acts or practices have the potential for repetition." *Crary v. Djebelli*, 329 S.C. 385, 387, 496 S.E.2d 21, 23 (1998). The Act is not available to redress a private wrong where the public interest is unaffected. Mere breach of contract does not constitute a violation of the UTPA. *South Carolina Nat'l Bank v. Silks*, 295 S.C. 107, 367 S.E.2d 421 (Ct.App.1988).

The potential for repetition may be shown: 1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence, or 2) by showing the party's procedures create a potential for repetition of the unfair and deceptive acts. *Daisy Outdoor Advertising Co. v. Abbott*, 322 S.C. 489, 473 S.E.2d 47 (1996). Cowart alleges Poore's actions were "unfair and deceptive trade practices" and "subject to repetition as [Poore] was in the business of practicing law at the time . . . this action arose

include consequential elements. *See* 7 AM.JUR.2d *Attorneys at Law* § 238 (1997).

and is still in business." Cowart has not alleged any facts indicating the potential for repetition.[2]

---

2. Cowart also argues Poore violated Rule 6(d), SCRCP by failing to serve a memorandum in support of his motion to dismiss prior to the hearing. This issue is not preserved for review. Cowart did not object to the memorandum at the hearing, but first objected in a motion for reconsideration. A party cannot use a motion to reconsider to present an issue that could have been raised prior to the judgment, but was not. *Patterson v. Reid,* 318 S.C. 183, 456 S.E.2d 436 (Ct.App.1995). Because Cowart's objection was not timely raised at trial, this issue is not preserved for our review. *Gurganious v. City of Beaufort,* 317 S.C. 481, 454 S.E.2d 912 (Ct.App.1995).