THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Edith Karoly,
 Individually and as Personal Representative of the Estate of John P. Karoly,
 Sr., Deceased, John P. Karoly, Jr., Peter J. Karoly, Joseph Karoly, Joanne
 Billman, Candice Pamerleau, Kim Jacobs and Michael Karoly, Appellants,
 v.
 Stephen Sumner,
 Carolina Funeral Services, Inc., Calvin C. Shankle, Weber Funeral Homes,
 Inc., and Service Corporation International, Defendants,
 of whom Calvin
 C. Shankle and Weber Funeral Homes, Inc., are the
 Respondents.
 
 
 

Appeal From Charleston County
  R. Markley Dennis, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2007-UP-360
Heard June 6, 2007  Filed July 31, 2007 

 AFFIRMED

 
 
 
 Brooks Roberts Fudenberg, of Charleston, Geoffrey H. Waggoner, of
 Mt. Pleasant, and Jeffrey G. Weber, of Kernersville, for Appellants.
 Merritt Abney, of Charleston, for Respondents.
 
 
 

PER
 CURIAM:  Edith Karoly, individually
 and as personal representative of the Estate of John P. Karoly, Sr., along with
 other family members (collectively Appellants) appeal the circuit courts
 order dismissing all claims except their breach of contract claim against Respondents
 Calvin C. Shankle (Shankle) and Weber Funeral Homes, Inc (Weber). 
 In their brief, Appellants contend the circuit court erred in dismissing their
 negligence per se claim pursuant to the Full Faith and Credit Clause of the
 United States Constitution and the doctrine of res judicata.  We affirm.
FACTS
On July 21,
 2002, John P. Karoly, Sr., (the decedent) passed away at the Medical
 University of South Carolina.  On the date of the decedents death, one of the
 decedents sons, John P. Karoly, Jr., contracted with Weber and Service
 Corporation International on behalf of the estate for the removal, preparation,
 and transportation of the decedents body from South Carolina to Pennsylvania.  Weber, in turn, contracted with Carolina Funeral Services, Inc., for the
 removal, preparation, care, embalming, and transportation of the decedents
 corpse from South Carolina to Pennsylvania.  Upon arrival in Pennsylvania, the
 family was to be permitted to identify, view, and pay their last respects prior
 to cremation of the decedent.
After receiving
 the decedents remains, Carolina Funeral Services assigned Stephen Sumner to
 perform the embalming and preparation.  However, Sumner either did not embalm
 or failed to properly embalm the decedents body.  When the decedents body
 arrived in Pennsylvania, the corpse was in an advanced state of decomposition. 
 This precluded the family from conducting a viewing of the body, and local
 friends and family were not able to pay their respects.
On September 30,
 2004, Appellants filed a complaint in Pennsylvania.  The Pennsylvania Complaint
 included the following causes of action against Weber and Shankle:  (1)
 intentional/negligent mishandling of a corpse; (2) negligence per se based on
 18 Pa. C.S.A. § 5510 (1972); (3) breach of contract; and (4)
 intentional/negligent infliction of emotional distress.  On January 24, 2005,
 the Court of Common Pleas of Lehigh County, Pennsylvania, entered an order dismissing
 all but one of Appellants claims; the only claim that remained was the breach
 of contract claim.  With regard to Appellants claim for intentional infliction
 of emotional distress, the court rejected Weber and Shankles argument that Pennsylvania law does not recognize that cause of action.  Nevertheless, the court held
 that Appellants had failed to state any facts to support a claim that Weber and
 Shankle intentionally mistreated the decedents corpse.  Further, finding that Pennsylvania law does not permit recovery for the negligent mishandling of a corpse, the
 court dismissed, without leave to amend, any and all allegations regarding the
 negligence of Weber and Shankle.  Finally, the court dismissed the negligence per
 se cause of action because 18 Pa. C.S.A. § 5510 only prohibits intentional acts.
  Thus, the court reasoned that [b]y its nature, negligence cannot flow from an
 intentional act.  Appellants neither appealed nor moved to alter or amend the order. 
 Appellants subsequently dismissed without prejudice their remaining breach of
 contract claim still pending in Pennsylvania.
On July 20,
 2005, Appellants filed the instant action in South Carolina.  The South
 Carolina Amended Complaint included the same causes of action and is nearly
 identical to the Pennsylvania Complaint, except the negligence per se cause of
 action was predicated on South Carolina Code section 16-17-600 (Supp. 2005).
Following Weber
 and Shankles Motion to Dismiss,[1] filed December 2, 2005, the circuit court allowed the breach of contract cause
 of action to continue, but dismissed the other causes of action under the
 theory of res judicata and the Full Faith and Credit Clause of the United
 States Constitution.  This appeal followed.
STANDARD OF REVIEW
Under
 Rule 12(b)(6), SCRCP, a defendant may move to dismiss based upon a plaintiffs failure
 to allege facts constituting a cause of action.  Baird v. Charleston County, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999).  The trial judge may dismiss the
 claim if the defendant demonstrates the plaintiff has failed to state facts
 sufficient to constitute a cause of action in the pleadings filed with the
 court.  Williams v. Condon, 347 S.C. 227, 232-33, 553 S.E.2d 496, 499
 (Ct. App. 2001) (quoting Rule 12(b)(6), SCRCP).  When considering the motion to
 dismiss for failure to state a claim, the trial court must base its ruling
 solely upon the allegations made on the face of the complaint.  Baird,
 333 S.C. at 527, 511 S.E.2d at 73; Stiles v. Onorato, 318 S.C. 297, 300,
 457 S.E.2d 601, 602 (1995).  If the facts and inferences drawn from the facts
 alleged in the complaint would entitle the plaintiff to relief on any theory,
 then the grant of a motion to dismiss for failure to state
 a claim is improper.  Brown v. Leverette, 291 S.C. 364, 366, 353 S.E.2d
 697, 698 (1987); McCormick v. England, 328 S.C. 627, 632-33, 494 S.E.2d
 431, 433 (Ct. App. 1997).  The facts and inferences alleged in the complaint
 are viewed in the light most favorable to the plaintiff.  Toussaint v. Ham,
 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987); Cowart v. Poore, 337 S.C.
 359, 364, 523 S.E.2d 182, 184-85 (Ct. App. 1999).
LAW/ANALYSIS
Appellants
 contend the circuit court erred in dismissing their negligence per se cause of
 action against Shankle and Weber based on the Full Faith and Credit Clause and
 the doctrine of res judicata because their claim is based on the South Carolina statute which is different from their claim based on the Pennsylvania
 statute.  We disagree.
The Full Faith and Credit
 Clause of the United States Constitution provides that Full Faith and Credit
 shall be given in each State to the . . . judicial Proceedings of every other
 State. U.S. Const. art. IV, § 1. 
 The thrust of the clause is that courts of one state must give such force and
 effect to a foreign judgment as the judgment would
 receive in the issuing state.   Purdie v. Smalls, 293
 S.C. 216, 219-20, 359 S.E.2d 306, 308 (Ct. App. 1987).  As a result, a foreign
 judgment which is regular on its face generally may not be collaterally
 attacked. Bankers Trust Co. v.
 Braten, 317 S.C. 547, 550, 455 S.E.2d 199, 200 (Ct. App. 1995).
As the Appellants
 concede, in order to determine the res judicata effect of the Pennsylvania
 order upon the present action, this court must decide whether Appellants would
 be precluded from pursuing their claims in the courts of Pennsylvania.  In
 Pennsylvania, as in South Carolina, [i]t is hornbook law that when a final
 judgment on the merits has been rendered by a court of competent jurisdiction,
 the doctrine of res judicata will bar any future suit on the same cause of
 action between the same parties.  Glynn v. Glynn, 789 A. 2d 242, 249 (Pa. Super. Ct. 2001).  Under Pennsylvania law:

 Res
 judicata encompasses two related, yet distinct principles: technical res judicata
 and collateral estoppel.  Henion v. Workers Comp Appeal Bd. (Firpo &
 Sons, Inc.), 776 A.2d. 362 (Pa. Cmwlth., 2001).  Technical res judicata
 provides that where a final judgment on the merits exists, a future lawsuit on
 the same cause of action is precluded.  Id.  Collateral estoppel acts to
 foreclose litigation in a subsequent action where issues of law or fact were
 actually litigated and necessary to a previous final judgment.  Id.
 Technical
 res judicata requires the coalescence of four factors: (1) identity of the
 thing sued upon or for; (2) identity of the causes of action; (3) identity of
 the persons or parties to the action; and (4) identity of the quality or
 capacity of the parties suing or being sued.  Id.  Res judicata applies
 to claims that were actually litigated as well as those matters that should
 have been litigated.  Id.  Generally, causes of action are identical
 when the subject matter and the ultimate issues are the same in both the old
 and new proceedings.  Id.
 Similarly,
 collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a
 prior action is identical to one presented in a later action, (2) the prior
 action resulted in a final judgment on the merits, (3) the party against whom
 collateral estoppel is asserted was a party to the prior action, or is in
 privity with a party to the prior actions, and (4) the party against whom
 collateral estoppel is asserted had a full and fair opportunity to litigate the
 issue in the prior action.  Rue v. K-Mart Corp., 552 Pa. 13, 713 A. 2d
 82 (1998).

Stilp v. Commonwealth,
 910 A. 2d 775, 783-84 (Pa. Commw. Ct. 2006).
Moreover,
 an order of dismissal with prejudice made upon agreement or stipulation of
 the parties before trial, or by the court after trial, is a judgment on the merits
 and operates as res judicata of the issues addressed in the case, thus barring
 a subsequent suit on the same cause of action.  Waynik v. Suhyda, 22 Pa. D. & C.2d 208, 213 (Pa.Ct.Com.Pl.1960).  Further,
 a dismissal upon preliminary objections is a final order which becomes res
 judicata if not timely appealed.  U.S. Natl Bank in Johnstown v.
 Johnson, 487 A.2d 809, 813 (Pa. 1985).
In
 essence, Appellants contend the Pennsylvania court did not make specific
 factual findings or issue any ruling concerning the South Carolina statute in
 question.  Thus, they argue, the circuit court erred in holding the issue of
 negligence per se based on the South Carolina statute was fully and fairly
 decided in the Pennsylvania action.  While the Pennsylvania court did
 not base its dismissal of the negligence per se cause of action on our statute,
 it did conclude that the Pennsylvania statute, like our statute, only prohibits
 intentional, as opposed to negligent conduct, and that the Appellants had not alleged
 that Weber and Shankle engaged in intentional conduct.  The court further
 concluded that [b]y its nature, negligence cannot flow from an intentional
 act.  Comparing the language of the two statutes, our statute reads in
 relevant part as follows:

 (A) It is
 unlawful for a person willfully and knowingly, and without proper legal
 authority to:
 (1) destroy or
 damage the remains of a deceased human being;
 (2) . . .; or
 (3) desecrate human remains.

S.C. Code Ann. § 16-17-600 (Supp. 2005).
          The Pennsylvania statute reads
 in pertinent part:

 
 Except as authorized by law, a person who treats a corpse in a way
 that he knows would outrage ordinary family sensibilities commits a misdemeanor
 of the second degree.[2]
 

18 Pa. C.S.A. § 5510 (1972).
Although the two
 statutes read differently, the conduct both statutes prescribe is the intentional
 or willful abuse of a corpse.  Inasmuch as the Pennsylvania court held Weber
 and Shankle had not alleged an intentional abuse of the decedents body, and
 further held as a matter of law that negligence cannot be predicated on an
 intentional act, we are constrained to hold under principles of res judicata
 and collateral estoppel[3] that the circuit court did not err in dismissing Appellants negligence per se
 cause of action.
CONCLUSION
We
 find Appellants abandoned their issues on appeal relating to the dismissal of all
 of their causes of action except their claim based on negligence per se.  Based
 on the above reasoning, we conclude the circuit court did not err in dismissing
 Appellants negligence per se cause of action.  Accordingly, the decision of
 the circuit court is 
AFFIRMED.
BEATTY and WILLIAMS, JJ., and CURETON, A.J., concur.

[1]  The motion to dismiss, in addition to arguing res
 judicata and collateral estoppel, also asserts that [b]oth [states] statutes
 relied upon by [Appellants] to support their claims for negligence per se
 prohibit intentional, as opposed to negligent, acts.  Because negligence cannot
 flow from an intentional act, the statutes relied upon provide no basis for a
 claim of negligence per se.
[2]  Arguably, one could assert this statute permits
 recovery based on gross negligence.  However, Appellants did not appeal the
 Pennsylvania courts holding that the statute prohibits only intentional acts. 
 That holding, therefore, becomes res judicata.
[3]  This court may affirm a decision of the trial court
 based on any ground appearing in the record.  Rule 220(c), SCACR.  Moreover,
 collateral estoppel was discussed during oral argument before this court.