**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

ARM Quality Builders, LLC, d/b/a, ARM Quality Builders, Appellant,

v.

Joseph A. Golson and Lycia B. Golson and Branch Banking Trust Company, Respondents,

AND

Joseph A. Golson and Lycia B. Golson, Third-Party Respondents,

v.

Ahmad Mazloom, Third-Party Appellant.

Appellate Case No. 2020-001406

Appeal From Lexington County
Clifton Newman, Circuit Court Judge
Walton J. McLeod, IV, Circuit Court Judge

Unpublished Opinion No. 2024-UP-022
Submitted November 1, 2023 – Filed January 17, 2024

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

James Randall Davis, of Davis Frawley, LLC, of Lexington, for Appellants.

Edward Wade Mullins, III and Chelsea Jaqueline Clark, both of Bruner Powell Wall & Mullins, LLC, of Columbia, for Respondents.

―――――――――――

**PER CURIAM:**  Ahmad Mazloom and his residential home building company, ARM Quality Builders LLC d/b/a ARM Quality Builders (ARM) (collectively, Appellants), appeal the circuit court's orders dissolving ARM's mechanic's lien on a house ARM built for Joseph A. Golson and Lycia B. Golson and granting the Golsons attorney's fees.  Appellants also appeal the circuit court's order which (1) denied ARM's claims for breach of contract, quasi-contract, quantum meruit, and unjust enrichment; (2) awarded the Golsons $86,042.50 in actual damages and $42,678.86 in punitive damages against ARM for breach of contract accompanied by a fraudulent act; (3) awarded the Golsons $81,160.59 in actual damages and $42,678.86 against Mazloom personally for fraud; and (4) found ARM liable for slander of title.  We affirm in part, reverse in part, and remand.

1.  Appellants argue the circuit court erred in granting the Golsons' motion to dissolve the mechanic's lien because Appellants failed to file the notice and certificate of lien within the ninety-day filing period.  Appellants assert the circuit court should not have addressed this issue because the Golsons did not raise the issue of the timeliness of the filing of the notice in their motion.  Appellants did not object when the Golsons raised the timeliness issue at the hearing; instead they raised their objection for the first time in their motion to alter or amend.  Accordingly, because Appellants could have raised this issue earlier, the issue is not properly before this court.  *See Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004) (stating "a party may not raise an issue in a motion to reconsider, alter or amend a judgment that could have been presented prior to the judgment").  Furthermore, because Appellants did not challenge the merits of the circuit court's finding that Appellants failed to timely file the notice of lien, this finding is now the law of the case.  *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance").

2.  We hold the circuit court did not err in awarding the Golsons attorney's fees based on the dismissal of the mechanic's lien.  *See* S.C. Code Ann. § 29-5-10(a)

(2007) (providing that the prevailing party in a mechanic's lien action may recover "the costs which may arise in enforcing or defending against the lien . . . including a reasonable attorney's fee"); S.C. Code Ann. § 29-5-20(A) (2007) ("If the party defending against the lien prevails, the defending party must be awarded costs of the action and a reasonable attorney's fee as determined by the court."); *Keeney's Metal Roofing, Inc. v. Palmieri*, 345 S.C. 550, 556, 548 S.E.2d 900, 903 (Ct. App. 2001) ("[A] party may recover attorney's fees and costs . . . as a 'prevailing party' even though the party obtained a dismissal via a procedural rule, provided the dismissal was not due to mere technicality."); S.C. Code Ann. § 29-5-90 (2007) (providing a mechanic's lien dissolves unless the person asserting the lien serves on the property owner a statement of the amount due and files a certificate stating that amount with the register or clerk "within ninety days after he ceases to labor on or furnish labor or materials . . . ."); *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 342, 762 S.E.2d 561, 566 (2014) ("To perfect and enforce a lien, one must timely complete the following three steps . . . : (1) serve and file a notice or certificate of the lien, (2) commence a lawsuit to enforce the lien, and (3) file a lis pendens."). Section 29-5-90's requirement that the party asserting a lien must timely serve and file a notice or certificate of lien is not a "mere technicality." Instead, it is a fundamental step required to perfect and enforce a mechanic's lien.

3. We hold the circuit court did not err by finding the Golsons did not owe Appellants $55,084.33 for extracontractual work and Appellants' proven project costs were only $284,525.70. Appellants did not provide evidence to prove the court's factual findings were made in error. *See Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 334, 210 S.E.2d 309, 310 (1974) ("The burden of proof is on the appellant to convince th[e appellate c]ourt that the lower court was in error."); *see also Okatie River, L.L.C. v. Se. Site Prep, L.L.C.*, 353 S.C. 327, 338, 577 S.E.2d 468, 474 (Ct. App. 2003) ("Credibility determinations regarding testimony are a matter for the finder of fact, who has the opportunity to observe the witnesses, and those determinations are entitled to great deference on appeal.").

4. We hold the circuit court did not err by finding there was clear and convincing evidence of fraud. The Golsons presented sufficient evidence to support a fraud claim. *Id.* at 338, 577 S.E.2d at 474 ("Credibility determinations regarding testimony are a matter for the finder of fact, who has the opportunity to observe the witnesses, and those determinations are entitled to great deference on appeal.").

5. We hold the circuit court did not err by awarding the Golsons punitive damages. The court's findings of facts were sufficient to support the award of punitive

damages. *See Lister v. NationsBank of Delaware, N.A.*, 329 S.C. 133, 149, 494 S.E.2d 449, 458 (Ct. App. 1997) ("The trial judge is vested with considerable discretion over the amount of a punitive damages award, and this [c]ourt's review is limited to correction of errors of law."); *Scott v. Porter*, 340 S.C. 158, 172, 530 S.E.2d 389, 396 (Ct. App. 2000) (stating that in considering an award of punitive damages, the circuit court should consider the following factors "(1) defendant's degree of culpability; (2) duration of the conduct; (3) defendant's awareness or concealment; (4) the existence of similar past conduct; (5) likelihood the award will deter the defendant or others from like conduct; (6) whether the award is reasonably related to the harm likely to result from such conduct; (7) defendant's ability to pay; and finally, (8) 'other factors' deemed appropriate" (quoting *Gamble v. Stevenson*, 305 S.C. 104, 111-12, 406 S.E.2d 350, 354 (1991))); *id.* ("The trial judge is not required to make findings of fact for each factor to uphold a punitive damages award.").

6. We find no merit in Appellants' argument that the circuit court erred by allowing the attorney's fees awarded under the mechanic's lien to be special damages in the slander of title action. As stated above, we affirm the circuit court's award of attorney's fees in the mechanic's lien action. Appellants' further argument concerning the slander of title action is conclusory, and therefore, abandoned. *See State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

7. We hold that under the doctrine of election of remedies the circuit court erred by permitting double recovery for damages against Appellants. *See Brown v. Felkel*, 320 S.C. 292, 294, 465 S.E.2d 93, 95 (Ct. App. 1995) ("The doctrine of election of remedies involves a choice between two or more different and coexisting modes of procedure and relief afforded by law for the same injury."); *id.* ("Its purpose is to prevent double redress for a single wrong."); *id.* ("When one set of facts entitles the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both."); *id.* ("The invocation of one remedy constitutes an election of remedies that will bar another remedy consistent therewith where the suit upon the remedy first invoked reached the stage of final adjudication."). The Golsons' breach of contract and fraud claim arise from the same facts; thus, the circuit court awarding them damages for both causes of action resulted in a double recovery. *See id.* at 296,

465 S.E.2d at 96 (holding that allowing a plaintiff "to recover on a tort claim arising out of the identical facts upon which he has already received a judgment based on contract would result in double recovery").  We therefore remand for the Golsons to elect their remedy.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.