Roy HENION, Petitioner,

v.

**WORKERS' COMPENSATION
APPEAL BOARD (Firpo &
Sons, Inc.) Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 23, 2001.
Decided June 22, 2001.

Thomas F. Sacchetta, Media, for petitioner.

Susan M. Henry, Philadelphia, for respondent.

Before SMITH, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Roy Henion (Claimant) petitions this court for review of the October 11, 2000 decision of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ) to dismiss Claimant's claim and review petitions.[1] We affirm in part and reverse in part.

Claimant worked as a truck driver and mover for Firpo & Sons, Inc. (Employer), earning an average weekly wage of $672.97. On April 12, 1995, while Claimant was changing a tire on a truck, his right hand got caught between the wheel well and the tire, amputating the tip of his middle finger. (WCJ's Findings of Fact of 4/5/97, Nos. 1, 5; R.R. at 18[a].)

Claimant filed a specific loss claim petition for the loss of one-half of the right long finger, but he withdrew the petition after Employer made sufficient payments pursuant to a Notice of Compensation Payable (NCP). (WCJ's Findings of Fact of 4/5/97, No. 2.) On May 1, 1995, Claimant filed a second claim petition alleging that he suffered an injury to his right hand and lost the use of his right index finger, injuries separate and distinct from the specific loss award. (WCJ's Findings of Fact of 4/5/97, No. 3.) Employer filed an answer denying the allegations, and a hearing was held before the WCJ on November 9, 1995. (WCJ's Findings of Fact of 4/5/97, No. 4.)

At the hearing, Claimant testified on his own behalf in support of his claim petition.[2] Claimant stated that he suffers pain on the top and the palm of his right hand, which prevents him from gripping and holding onto an item such as a softball and from closing his hand completely. Claimant also asserted that he needs help to lift heavy objects because of the pain in his hand. Claimant noted that he has not suffered any other right hand injuries since the April 1995 accident. Claimant indicated that he attained new employment with Liberty Transportation, driving a truck to deliver beds, mattresses and box springs.[3] (WCJ's Findings of Fact of 4/5/97, No. 5.) The WCJ credited Claimant's testimony with regard to his symptoms since the April 12, 1995 injury. (WCJ's Findings of Fact of 4/5/97, No. 7.)

At the hearing, Claimant also submitted the deposition testimony of Rebecca S.

---

1. The WCAB also affirmed the WCJ's decision to deny Firpo & Sons, Inc.'s joinder petition; however, that decision is not at issue in this case.

2. Employer appeared at the hearing, but did not present any evidence in opposition to the claim petition. (WCJ's decision of 4/5/97 at 2.)

3. At a later hearing, Claimant testified that he returned to light duty work for Employer two weeks after the April 1995 accident, but was laid off. He obtained the job with Liberty Transportation in the fall of 1995. (WCJ's Findings of Fact of 9/27/98, No. 11.)

Witham, M.D., a plastic surgeon who examined Claimant on the day of the accident and later performed surgery on Claimant's finger. (WCJ's Findings of Fact of 4/5/97, No. 6; R.R. at 14[aa].) The WCJ credited Dr. Witham's testimony regarding her diagnosis and treatment of Claimant.[4] In addition, the WCJ accepted Dr. Witham's testimony with respect to Claimant's ongoing symptoms of hand stiffness, which she stated is a common result of amputation. (WCJ's Findings of Fact of 4/5/97, No. 8.)

Dr. Witham also testified about Claimant's secondary injuries, the stiffness of the injured finger and ongoing pain in the back of his hand, noting that although Claimant's symptoms are suggestive of carpal tunnel syndrome, the presence of the syndrome had not been confirmed by an EMG study. On May 24, 1995, Dr. Witham released Claimant to return to work without restrictions; however, she specified that while Claimant could attempt to return to his regular duties, her release was not an acknowledgement that Claimant could do his job for Employer. (WCJ's Findings of Fact of 4/5/97, No. 6.)

The WCJ concluded that Dr. Witham's testimony did not support finding an injury that was separate and distinct from the compensated specific loss, and, thus, Claimant had failed to meet his burden of proof for the claim petition. (WCJ's Findings of Fact of 4/5/97, No. 8; WCJ's Conclusions of Law of 4/5/97, No. 2.) Accordingly, in an April 5, 1997 order, the WCJ denied Claimant's claim petition. Claimant appealed to the WCAB, which affirmed the decision of the WCJ in an August 21, 1998 order. (WCJ's Findings of Fact of 9/27/98, Nos. 3, 4.)

On April 21, 1997, while Claimant's appeal on his second claim petition was pending, Claimant filed a third claim petition alleging that he suffered carpal tunnel syndrome in both his right and left hands as a result of the April 12, 1995 injury. (WCJ's Findings of Fact of 9/27/98, No. 5; R.R. at 12[a].) On the same day, Claimant also filed a review petition requesting the WCJ to order the NCP to include the carpal tunnel syndrome. (WCJ's Findings of Fact of 9/27/98, No. 7.) Employer filed answers to both petitions, denying Claimant's allegations of additional injuries. (WCJ's Findings of Fact of 9/27/98, Nos. 6, 8.) On September 27, 1998, after the WCAB issued its order denying Claimant's second claim petition, a hearing was held before the WCJ on the third claim petition and review petition.

At the hearing,[5] the WCJ credited Claimant's testimony of his ongoing symptoms of stiffness and pain in his right hand. (WCJ's Findings of Fact of 9/27/98, Nos. 11, 16.) The WCJ also credited the testimony of Bruce H. Grossinger, D.O., concerning Claimant's continuing problems[6] and rejected the testimony of Greg-

---

4. Dr. Witham testified that she performed a thenar flap surgery on Claimant on April 13, 1995; this procedure involved taking tissue from the palm of his hand and placing it over the fingertip to replace the missing tissue. She performed a second surgery on April 24, 1995 to release the thenar flap. (WCJ's Findings of Fact of 4/5/97, No. 6.)

5. Claimant appeared and testified on his own behalf in support of his claim and review petitions and submitted the deposition testimony of Bruce H. Grossinger, D.O., and the notes of Claimant's testimony from the prior claim petition hearing. Employer presented the deposition testimony of Claimant, Gregory T. Tadduni, M.D., and Dr. Witham's prior deposition testimony in opposition to Claimant's claim petition. (WCJ's decision of 9/27/98 at 2.)

6. Dr. Grossinger testified that he performed an EMG on Claimant, a computerized electrical analysis of the nerves relating to Claimant's upper extremities and cervical regions. He diagnosed Claimant to be suffering from

ory T. Tadduni, M.D., that Claimant had fully recovered. (WCJ's Findings of Fact of 9/27/98, Nos. 17, 19.)

Nevertheless, in a September 27, 1998 order, the WCJ dismissed Claimant's claim and review petitions. The WCJ concluded that, because the Claimant's claim and review petitions contained identical allegations against Employer and involved the same parties, issues and accident as the claim petition filed on May 1, 1995, the issues in the petitions were barred by res judicata.[7] (WCJ's Findings of Fact of 9/27/98, No. 21; WCJ's Conclusions of Law of 9/27/98, Nos. 2, 3.)

Claimant appealed to the WCAB, which affirmed the decision of the WCJ. (R.R. at 2[a].) The WCAB held that, because Claimant alleged an injury of right carpal tunnel syndrome in both the May 1, 1995 claim petition and in the April 21, 1997 claim and review petitions, the WCJ did not err in finding the allegations were barred by the doctrine of res judicata. With respect to Claimant's allegations of carpal tunnel in his left wrist, the WCAB concluded that, because the record is devoid of any testimony or evidence of carpal tunnel in that wrist, Claimant did not satisfy his burden of proof, and the WCJ did not err in dismissing the petition in that regard. (R.R. at 5[a], 6[a].) Claimant now petitions this court for review of the WCAB's order.[8]

The doctrine of res judicata prevents the relitigation of claims and issues in subsequent proceedings. *Temple University v. Workers' Compensation Appeal Board (Parson)*, 753 A.2d 289 (Pa.Cmwlth.), *appeal denied*, 564 Pa. 720, 764 A.2d 1075 (2000). In this case, Employer argues that res judicata applies to bar Claimant's April 21, 1997 claim petition alleging carpal tunnel syndrome, because the issue of carpal tunnel was already litigated and decided in the May 1, 1995 claim petition proceeding. We disagree.

We note that res judicata encompasses two related, yet distinct principles: technical res judicata and collateral estoppel. *See Maranc v. Workers' Compensation Appeal Board (Bienenfeld)*, 751 A.2d 1196 (Pa.Cmwlth.2000). Technical res judicata provides that when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded. *Id.* Collateral estoppel acts to foreclose litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment. *Id.* In this case, we hold that neither technical res judicata nor collateral estoppel applies to bar Claimant's claims.

### Technical Res Judicata

Technical res judicata applies when the following four factors all are

---

moderate right carpal tunnel syndrome and an associate denervation in the abductor pollicis brevis muscle in addition to the amputated right long fingertip. Dr. Grossinger opined that although the cause of the carpal tunnel was the crushing of Claimant's hand between the tire and the wheel well, the mechanics of Claimant's condition allows it to be easily understood as two separate injuries. (WCJ's Findings of Fact of 9/27/98, No. 12.)

7. However, based on Claimant's and Dr. Grossinger's testimony, the WCJ noted that if res judicata did not apply, Claimant would be entitled to benefits at the rate of $509.00 per

week from April 12, 1995 through April 26, 1995, and from June 6, 1995 until October 2, 1995, with an additional ten percent interest on all delayed payments. (WCJ's Conclusions of Law of 9/27/98, No. 4.)

8. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

present: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Id.* This doctrine applies to claims that were actually litigated as well as those matters that should have been litigated. *Id.* Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings. *Id.*

■ However, here, the causes of action are not identical because the ultimate issues in the old and the new proceedings were not the same. In the April 5, 1997 decision the WCJ indicates that Claimant alleged an injury only to his right hand and his right index finger in the May 1, 1995 claim petition; however, in the April 21, 1997 claim and review petitions, Claimant alleges an injury to his left hand as well as carpal tunnel syndrome in both hands. (WCJ's Findings of Fact of 4/5/97, No. 3; WCJ's Findings of Fact of 9/27/98, Nos. 5, 7.) Moreover, in the April 5, 1997 decision, the WCJ never adjudicated the issue of carpal tunnel syndrome; he merely noted Dr. Witham's testimony that the Claimant's symptoms were suggestive of carpal tunnel syndrome.[9] (*See* WCJ's Findings of Fact of 4/5/97, No. 6.) Although Employer argues that Claimant

made identical claims in the May 5, 1995 and the April 21, 1997 claim petitions, (Employer's brief at 10), there is no evidence to support this argument. Indeed, the May 1, 1995 claim petition is not part of the record before us, and Employer has failed to supplement the record with this claim petition pursuant to Rule of Appellate Procedure 1926. Based on the record that we have, there is no identity of the cause of action.

## Collateral Estoppel

■ Similarly, collateral estoppel does not apply to bar Claimant's action here because the existence of carpal tunnel syndrome was neither litigated nor necessary to the decision on the May 1, 1995 claim petition. In fact, the only mention of carpal tunnel in that claim petition is made by reference to Dr. Witham's testimony, where she states that the stiffness of Claimant's injured finger and the ongoing pain in the back of his hand are *suggestive* of carpal tunnel, but the syndrome *had not been confirmed* by an EMG study.[10] (*See* WCJ's Findings of Fact of 4/5/97, No. 6.) Claimant presented no other medical expert testimony regarding a diagnosis of carpal tunnel syndrome at that time, and the existence of carpal tunnel syndrome was not necessary to prove Claimant's allegations of pain in his right hand and injury to his right index finger. Indeed, the

9. Not only is there no evidence that the issue of carpal tunnel actually was litigated, there is nothing to suggest that the issue should have been litigated so as to bar the claim in a later proceeding. Dr. Witham's testimony states that, at the time of her examination on May 16, 1995, Claimant's symptoms were only suggestive of carpal tunnel syndrome, and the symptoms had not yet been confirmed by an EMG. (WCJ's Findings of Fact of 4/5/97, No. 6.) It was not until a year later, on May 20, 1996, that Dr. Grossinger first diagnosed Claimant with carpal tunnel syndrome after Dr. Grossinger performed an EMG and confirmed the presence of the syndrome. (WCJ's

Findings of Fact of 9/27/98, No. 12.) Certainly, Claimant should not have litigated the issue of carpal tunnel syndrome during the earlier claim petition proceeding because, at that time, there was no concrete evidence that the syndrome existed.

10. Evidence of the existence of carpal tunnel syndrome was not presented until the hearing on the third claim petition, after the carpal tunnel syndrome was confirmed by the two EMGs that Dr. Grossinger performed on Claimant on May 20, 1996 and August 12, 1996, respectively. (R.R. at 92[a] 93[a].)

WCJ did not mention carpal tunnel syndrome as being a factor in his April 5, 1997 adjudication. Accordingly, we reverse that part of the WCAB's order affirming the WCJ's dismissal of Claimant's claim and review petitions to the extent they allege carpal tunnel in his right hand.

■ However, with respect to Claimant's allegations regarding carpal tunnel syndrome in his left hand, our review of the record confirms the WCAB's determination that there is no evidence to support Claimant's allegation of a left-hand injury.[11] Because Claimant did not satisfy his burden of proof for this portion of his claim, we affirm the decision of the WCAB to affirm the WCJ's denial of benefits for left carpal tunnel syndrome.

## ORDER

AND NOW, this 22nd day of June, 2001, the order of the Workers' Compensation Appeal Board, dated October 11, 2000, is hereby affirmed in part and reversed in part in accordance with this opinion.

---

11. In fact, Dr. Grossinger testified that Claimant has never made any complaints about problems in his left arm, wrist or hand. (R.R. at 99[a].)