# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aziz Moumen, : 
Petitioner : 
: 
v. : No. 1817 C.D. 2016
: Submitted: June 9, 2017
Workers' Compensation Appeal : 
Board (Supreme Mid Atlantic : 
Trucking), : 
Respondent : 

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE JULIA K. HEARTHWAY, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED: August 31, 2017**

Petitioner Aziz Moumen (Claimant), acting *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board), affirming the order of a Workers' Compensation Judge (WCJ), which granted Supreme Mid Atlantic's (Employer) motion to dismiss Claimant's review petition, alleging an incorrect description of injury. For the reasons that follow, we affirm.

Before filing the instant review petition, Claimant, then represented by counsel, filed a claim petition on June 18, 2012, alleging that he suffered a work-related injury on February 21, 2012, in the nature of an aggravation of an

inguinal hernia.[1]  Following hearings, by order dated September 3, 2014, the WCJ denied Claimant benefits and dismissed his claim petition, concluding that Claimant failed to meet his burden to prove a work-related injury.  Claimant appealed to the Board, arguing that the WCJ erred in concluding that he failed to prove that he suffered a work-related injury in the nature of an inguinal hernia. The Board affirmed by order dated October 20, 2015.  Claimant then petitioned this Court for review, and we affirmed by order dated September 2, 2016. Claimant then filed a petition for allowance of appeal, which the Supreme Court of Pennsylvania denied.[2]  Thus, with regard to the February 21, 2012 incident,

---

[1] The original record in this matter includes a portion of the transcript from a hearing conducted on February 21, 2012, relating to Claimant's claim petition.  (*See* Certified Record (C.R.), Item No. 6.)  The portion of the transcript is attached to Claimant's appeal to the Board in the matter *now* before this Court.  Based upon our review of that limited portion of the transcript, it appears that at some point during that hearing on the claim petition, Claimant attempted to testify as to the existence of a low back injury not alleged in the claim petition.  (*See id.*) Employer objected to testimony regarding a possible low back injury, taking the position that the claim petition did not identify any such injury, Employer had not prepared to defend a low back injury, and Claimant should file a new petition.  The WCJ appeared to agree with the position advanced by Employer.  A discussion also ensued between counsel as to whether Employer may want to join a prior employer if Claimant litigated the alleged low back injury.  The portion of the transcript attached to Claimant's appeal to the Board, however, is limited, and we cannot discern what the WCJ or parties decided or agreed upon regarding the alleged low back injury. More specifically, the Court is unable to discern from the brief portion of the transcript before the Court whether the WCJ precluded the testimony or whether Claimant's counsel decided that he did not wish to proceed with attempting to litigate the low back injury as part of the claim petition proceeding then before the WCJ.

[2] *See Moumen v. Workers' Comp. Appeal Bd. (Supreme Mid Atl. Trucking)*, (Pa. Cmwlth., No. 2608 C.D. 2015, filed September 2, 2016) (*Moumen I*), *appeal denied*, __A.3d__ (Pa., No. 836 MAL 2016, filed May 16, 2017).  In *Moumen I*, Claimant argued only that the WCJ and Board erred in concluding that he failed to prove a work-related injury.  Claimant did not argue that the WCJ erred in refusing to consider whether Claimant suffered a work-related low back injury.

Employer has never accepted a work-related injury, and no work-related injury has ever been adjudicated to exist.

On February 11, 2015, while the claim petition was on appeal to the Board, Claimant filed the instant review petition. (Certified Record (C.R.), Item No. 2.) Claimant asserted an "incorrect description of injury" relating to the same alleged work-related incident which was the subject of the initial claim petition.[3] (*Id.*) Claimant further asserted that his attorney who handled the initial claim petition should have included the low back injury in the claim petition but failed to do so. Claimant contends that when Claimant became aware of the situation, his attorney asked the WCJ to include the low back injury in the claim petition, but, according to Claimant, the WCJ instructed that a separate petition needed to be filed.

The review petition was assigned to the same WCJ as the claim petition.[4] The WCJ conducted a brief hearing on March 4, 2015, at which Claimant appeared unrepresented by counsel. The WCJ provided Claimant with a notice explaining his rights to retain legal counsel. The WCJ scheduled a second hearing for July 22, 2015. Prior to the second hearing, Employer filed a motion to

---

[3] The review petition asserts the same date of injury as the claim petition—February 21, 2012.

[4] We glean much of the facts surrounding the procedural aspects of this matter through the WCJ's decision and order, dated November 10, 2015, and the Board's opinion and order, dated October 4, 2016. Inexplicably, the certified record before this Court does not contain various scheduling orders and, more pertinent to this matter, Employer's motions to dismiss Claimant's review petition and Claimant's answers thereto. Nor does it contain other items referenced in the WCJ's decision and order. The absence of the items, although inconvenient, did not prevent this Court from being able to ascertain and address the issues raised in this appeal.

dismiss the review petition, apparently on the basis that Claimant could not seek the relief he wanted through a review petition because there was no accepted or adjudicated work injury.

Clamant appeared at the second hearing without counsel but with an interpreter. Claimant again attempted to offer testimony regarding the alleged low back injury. (C.R., Item No. 11.) Given the pending motion to dismiss, however, the WCJ limited the scope of the second hearing. The WCJ did not permit Claimant to testify regarding matters to which he had previously testified in the litigation involving the claim petition proceedings. The WCJ explained:

> I am not re-litigating the case from before. You presented your evidence and I am not—you can't get a second bite of the apple, so to speak. You had this case litigated before. And so you're starting to tell the same things that we went over the first time, and we're not going to do that. That's the number one problem with this testimony.
>
> I mean I remember very well—I mean, I can remember it even now. At one point in the hearing at the end of the other case, the issue of your back came up and [your counsel]—I can't put the words without having to read the transcript. But he essentially said something to the effect, we're not seeking anything for the back. That's on the record in the other case.
>
> And that's considered a statement by counsel. That was essentially a stipulation that we're not seeking a claim for the back, as I remember. So now that's a real legal problem for you . . . because that was in the record in the other case. And now you've brought this claim for the back.

(*Id.* at 14-15.)

Following the hearing, the WCJ provided Claimant with an opportunity to file an answer to Employer's motion to dismiss, which he did.

4

Thereafter, Employer filed a second motion to dismiss, this time averring that the review petition should be dismissed on the basis of the doctrine of technical *res judicata*. Claimant answered that motion as well.

By decision and order dated November 10, 2016, the WCJ granted Employer's motions to dismiss the review petition. (C.R., Item No. 5.) The WCJ observed that the record contains four "Judge's Exhibits"—including the WCJ's decision and order, dated September 3, 2014, denying Claimant's claim petition, and an order of the Board.[5] (*Id.*) The WCJ opined that "although [C]laimant testified briefly regarding the employment situation and his back condition, this WCJ concludes that testimony (briefly presented on July 22, 2015) is of minimal relevance to the issues raised by the [m]otions to [d]ismiss." (*Id.*)

Relating to the first motion to dismiss, the WCJ found significant the fact that Claimant previously litigated a claim petition for an alleged work-related injury that occurred on February 21, 2012, in the nature of an aggravation of an inguinal hernia, which the WCJ denied and dismissed. The WCJ reasoned that, pursuant to Section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended and renumbered*, 77 P.S. § 771, and case law interpreting it, in order to proceed with a review petition, there must be an accepted injury, via a notice of compensation payable, agreement for compensation, or a decision. The WCJ found that, in the present case, there was never an accepted work-related injury; the injury alleged in the claim petition—*i.e.*, aggravation of an

---

[5] Although the date of the order of the Board is not mentioned in the WCJ's decision, presumably the WCJ intended to refer to the Board's order dated October 20, 2015, affirming the WCJ's decision denying Claimant's claim petition. The Judge's Exhibits are among the items that were not included in the certified record.

5

inguinal hernia, was specifically denied by Employer; the WCJ denied Claimant's claim petition; and the Board affirmed the WCJ's denial of the claim petition. Thus, "[w]hen Claimant filed the instant [r]eview [p]etition . . . , there was no injury accepted or found to have occurred within the meaning of the Act."[6] (WCJ's decision and order, dated 11/10/15, at 5.) The WCJ concluded that no review could be undertaken when Employer never accepted the alleged work-related injury and there has never been an adjudication that Claimant suffered a work-related injury. (*Id.* at 4.) Simply put, the WCJ concluded that there was no injury to review.

Relating to the second motion to dismiss, the WCJ found that, as of February 12, 2014, Claimant was aware that he had back problems relating to his work for Employer but did not allege the back problems in the claim petition. The WCJ further found that, during the hearing for the claim petition, the WCJ indicated that Claimant could file another petition with respect to his back. Claimant never filed another claim petition. The WCJ also found that prior to the close of the record with respect to the claim petition, Claimant was aware of a back problem which, at that time, he believed was related to his employment with Employer. (*Id.* at 4.) The WCJ also found that "Claimant had knowledge of a back problem at the time he filed the [c]laim [p]etition on June 18, 2012 or, at the latest, during the litigation of that [c]laim [p]etition." (*Id.*) The WCJ concluded that the principle of *res judicata* barred Claimant from re-litigating the merits of his claim petition in his review petition. (*Id.*) As a result of his disposition of the motion to dismiss, the WCJ dismissed the review petition.

---

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

6

Claimant appealed to the Board, arguing that the WCJ improperly prevented Claimant from taking depositions and presenting his case when the WCJ granted Employer's motions to dismiss. The Board interpreted this issue as encompassing a challenge to the WCJ's decision to grant Employer's motions to dismiss. By order dated October 4, 2016, the Board affirmed the WCJ's decision and order. Claimant then petitioned this Court for review.

On appeal,[7] Claimant essentially argues that the Board erred in affirming the WCJ's granting of Employer's motions to dismiss Claimant's review petition and, instead, should have allowed oral argument and testimony in regard to the alleged low back injury.[8] Claimant maintains that the subject low back injury occurred on February 21, 2012, at the same time that the aggravation of the inguinal hernia occurred, the latter of which the WCJ concluded, during the course of litigating the claim petition, that Claimant failed to prove was a work-related injury.

Section 413(a) of the Act provides:

---

[7] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[8] Claimant also argues that the WCJ and Board erred in concluding that Claimant's low back injury was not work-related when he provided "expert documents" from two different doctors regarding his injury and Employer presented no expert testimony to rebut that of Claimant's experts. This argument, however, fails to recognize that the WCJ dismissed the review petition as an improper vehicle for the relief sought and based on the principle of *res judicata*. The WCJ, therefore, did not consider the merits of whether Claimant's low back injury was work-related. Thus, the WCJ made no determination as to whether or not Claimant proved that his low back injury was work-related. As a result, this argument is without merit.

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

Pursuant to Section 413(a) of the Act, a claimant may file a review petition to correct the description of an injury in a *notice of compensation payable or original or supplemental agreement.*[9] *Cinram Mfg., Inc., v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577, 580-81 (Pa. 2009). At the outset, we emphasize that Claimant's review petition seeks review of an alleged work-related injury that Employer never accepted, that no court ever adjudicated to exist, and for which Employer never issued a notice of compensation payable. In other words, although Claimant filed the instant review petition, there is no accepted, agreed upon, or adjudicated description of injury for us to review. Because we cannot review a description of an injury that has never been accepted or agreed upon as a work-related injury, we must agree with the Board that the WCJ properly granted

---

[9] A party also may file a review petition to amend a notice of compensation payable to remedy an incorrect injury description during the course of proceedings under any petition pending before the WCJ. Section 413(a) of the Act, 77 P.S. § 771. A claimant also may file a petition to amend a description of an injury to include an injury that develops subsequently and as a result of the original injury. Section 413(a) of the Act, *as amended and renumbered*, 77 P.S. § 772. Claimant does not argue that his alleged low back injury came as a subsequent result of the injury initially alleged, but rather argues that the low back injury coincided with the aggravation of the inguinal hernia. Claimant's alleged low back injury must, therefore, be considered as an injury incorrectly omitted from the original claim petition. The Supreme Court of Pennsylvania noted the distinction between these two reasons for amendment in its decision in *Cinram Manufacturing, Inc., v. Workers' Compensation Appeal Board (Hill)*, 975 A.2d 577 (Pa. 2005).

8

Employer's motion to dismiss on that basis. *See id.* at 582-83. Claimant could not use a review petition to change an incorrect description of an injury when no work-related injury has ever been accepted or otherwise recognized.

Furthermore, we agree that Claimant's claim petition is barred by the principle of technical *res judicata*, because Claimant already litigated his claim of allegedly suffering a February 21, 2012 work-related injury. Claimant once again comes before this Court in an attempt to litigate the existence of a work-related injury; this time, under the guise of a review petition. The principle of technical *res judicata*, however, renders Claimant's arguments meritless.

The principle of technical *res judicata* bars a future suit between the same parties on the same cause of action once a final judgment is entered on the merits of a claim. *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001). To prevail on technical *res judicata* grounds, a party must show: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Id.* at 365-66. Technical *res judicata* applies equally to claims actually litigated and claims that should have been litigated. *Id.* at 366. "Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings." *Id.*

Claimant, through the instant review petition, is attempting to re-litigate the same claim he pursued in his claim petition. First, the thing sued upon or for in both the claim petition and review petition is workers' compensation benefits arising out of a work-related injury that allegedly occurred on February 21, 2012. The WCJ found that Claimant failed to meet his burden of

9

proof in establishing a work-related injury. *Moumen I.* Both petitions explicitly refer to February 21, 2012, as the date of the alleged work-related injury, and Claimant maintains that the injuries occurred at the same time.

Second, the causes of action of the claim petition and review petition are identical. Claimant ultimately failed to establish a February 21, 2012, work-related injury in the nature of an aggravation of an inguinal hernia in his claim petition. Now, under the guise of a review petition alleging an incorrect description of injury, Claimant is attempting to adjudicate the existence of a work-related, low back injury arising out of the same February 21, 2012 incident. Just as Claimant attempted to establish a work-related injury in his claim petition, the testimony offered before the WCJ and the arguments in Claimant's brief both attempt to persuade this Court of the existence of a work-related, low back injury.

Furthermore, although Claimant did not include his low back injury in his claim petition, if he wished to litigate his low back injury, he should have done so when he filed the claim petition. *See Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 956-57 (Pa. Cmwlth. 2008), *appeal denied*, 971 A.2d 494 (Pa. 2009). The record demonstrates Claimant's awareness of a low back injury at the time he filed his claim petition.[10]

---

[10] Claimant, at the hearing for his review petition, testified before the WCJ that "first when I tried to open the claim, I told the previous attorney he's supposed to --- the claim for my lower back and my inguinal hernia." (C.R., Item No. 11 at 10.) The WCJ, recalling the prior hearing for Claimant's claim petition, recounted that Claimant's counsel "essentially [stipulated] that we're not seeking a claim for the back, as I remember." (*Id.* at 15.) Review of the February 12, 2014 claim petition hearing transcript reveals that Claimant's attorney stated that Claimant desired to testify in regards to the low back injury, but that the same was "not alleged . . . in our petition." (C.R., Item No. 6.) Furthermore, Claimant submitted to the WCJ a letter from his treating physician, Dr. John P. Welch, which states: "[p]atient has had low back pain since February 2012 that was aggrivated [sic] by heavy lifting at work." (*Id.*) Therefore, at the

**(Footnote continued on next page…)**

Finally, the parties to both the claim petition and review petition actions are Employer and Claimant, and no issue is raised as to their respective capacities to sue or be sued. Technical *res judicata*, therefore, precludes Claimant from re-litigating, under the guise of a review petition, a claim which Claimant already litigated in his claim petition. *See id.* We conclude, therefore, that the Board did not err in affirming the WCJ's dismissal of Claimant's review petition under the principle of *res judicata*.[11]

Accordingly, we affirm the Board's order.

 

 

 

P. KEVIN BROBSON, Judge

---

**(continued…)**

time Claimant filed his claim petition, he undoubtedly knew of his low back injury and its relatedness to his alleged work-related injury. *See Weney*, 960 A.2d at 956-57 (dismissing second review petition when claimant knew of injury's existence during litigation of a prior review petition).

[11] To the extent that Claimant contends that, during the proceedings on the claim petition relating to the inguinal hernia, the WCJ refused to allow Claimant to litigate his low back injury at that time, we make two observations: (1) the WCJ recalls a different scenario where Claimant's counsel specifically stated on the claim petition record (which neither party has made part of the record before this Court in this proceeding) that Claimant was not pursuing a low back injury; and (2) Claimant, in his appeal relating to the claim petition, did not argue to this Court that the WCJ erred by not allowing him to pursue his low back injury as part of the claim petition proceeding.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aziz Moumen,  :
          Petitioner  :
                             :
          v.  : No. 1817 C.D. 2016
                             :
Workers' Compensation Appeal  :
Board (Supreme Mid Atlantic  :
Trucking),  :
          Respondent  :

# **O R D E R**

AND NOW, this 31st day of August 2017, the order of the Workers' Compensation Appeal Board is AFFIRMED.

---

P. KEVIN BROBSON, Judge