IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Rosenberry,                          :
                        Petitioner          :
                                            :
        v.                                  :     No. 446 C.D. 2019
                                            :     Submitted: July 26, 2019
Workers' Compensation Appeal                :
Board (Ramsey Construction, LLC),           :
                        Respondent          :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: November 22, 2019

        Scott Rosenberry (Claimant) petitions for review of an adjudication of

the Workers' Compensation Appeal Board (Board) holding that Claimant's review

petition was barred by *res judicata*.  Claimant contends the Board erred because the

claims in his review petition were not decided in an earlier proceeding on his

reinstatement and review petitions.  Discerning no error by the Board, we affirm.

        Claimant worked as a laborer for Ramsey Construction, LLC

(Employer).  On June 4, 2012, while dumping construction debris from a

wheelbarrow, he sustained a back injury.  Employer issued a Notice of Temporary

Compensation Payable (NTCP), acknowledging the injury as a thoracolumbar back

strain or sprain.  Pursuant to the Workers' Compensation Act (Act),[2] Claimant filed

a claim petition.  Thereafter, Employer issued a medical-only Notice of

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

Compensation Payable (NCP) for the work injury acknowledged in the NTCP. Claimant amended his claim petition to make it a reinstatement petition and also filed a review petition to add a thoracic disc herniation to the description of the work injury.

The reinstatement and review petitions were assigned to WCJ Pamela Briston. In support of his review petition, Claimant offered the deposition testimony of his family doctor, Joanna M. Brady, M.D. She testified that prior to the work injury, Claimant suffered chronic pain syndrome for brachialplexus of the shoulder and preexisting lumbar pain. In 2012, Dr. Brady ordered a magnetic resonance imaging (MRI) of Claimant's spine, and it showed a "right paracentral herniated nucleus pulposus, although subtle it is encroaching on the right side of the cord on T-9, T-10L[,] and minimul bulging on the disc at T-7, T-8 levels[.]" Brady Deposition, 1/11/2013, at 14; Reproduced Record at 412a (R.R. __). With respect to the thoracic disc herniation on the MRI report, Dr. Brady testified that it "could have occurred at any time" and she could not be sure it related to the work injury. Brady Deposition at 29; R.R. 415a. Dr. Brady opined that Claimant could not return to his position with Employer, but was capable of performing sedentary work. Dr. Brady's restrictions were based on Claimant's subjective complaints of pain.

Employer presented the testimony of Lucian P. Bednarz, M.D., who completed an independent medical evaluation (IME) of Claimant on August 17, 2012. Dr. Bednarz found that Claimant suffered a thoracolumbar sprain or strain. He believed that Claimant would reach full recovery in six weeks and that Claimant was capable of doing medium-duty work until he reached full recovery. Dr. Bednarz testified that the MRI did not indicate a stenosis or any condition that needed treatment. Rather, the MRI showed a nearly normal lumbar spine.

2

The WCJ granted Claimant's reinstatement petition. In her decision, WCJ Briston found, in relevant part, as follows:

Based upon a review of the foregoing, as well as all evidence of record, I find that [Claimant] has met his burden of proof in the reinstatement petition.

a. I accept the testimony of [Claimant] as credible that he sustained a low back injury or thoracolumbar myoligamentous sprain/strain o[n] June 4, 2012.

b. I accept the opinions of Dr. Bednarz as credible regarding the description of injury, and I note that Dr. Brady could not state that the herniation shown on the MRI was related to the work injury, as it could have occurred at any time.

c. As far as [Claimant's] ability to work as of September, 2012, I accept the opinions of Dr. Brady as more credible than Dr. Bednarz at that time regarding [Claimant's] work restrictions[.]

WCJ Briston Decision, 8/27/2013, at 5, Finding of Fact No. 12. In granting Claimant's reinstatement petition, WCJ Briston did not make any reference to Claimant's review petition. Neither party appealed WCJ Briston's decision.

On April 23, 2014, Employer filed a termination petition, asserting that Claimant had fully recovered from his work injury and could return to work without restrictions as of March 17, 2014. Claimant filed a second review petition seeking to add a thoracic disc herniation to the description of his work injury. Employer argued that Claimant's second review petition was barred by the doctrine of *res judicata*. The petitions were assigned to WCJ Brian Eader.[3]

---

[3] Employer also filed a petition for review of a utilization review determination, which was denied by WCJ Eader and not appealed to the Board.

Claimant presented the testimony of his chiropractor, Gordon Kaiser, D.C., who began treating Claimant on June 8, 2012. Dr. Kaiser testified that the 2012 MRI showed a right-sided herniation at the T7-8 or T8-9 disc level and opined that the herniation was caused by Claimant's work injury. A second MRI done in 2014 showed the 2012 herniation and additional disc degeneration. Dr. Kaiser diagnosed Claimant with a work-related disc protrusion with myelopathy and continued muscle spasm. Dr. Kaiser did not believe Claimant could return to his pre-injury job but was capable of sedentary work.

Dr. Brady also testified. She explained that at the time of the deposition for the 2012 proceeding, she was unable to determine that the thoracic disc herniation shown on the 2012 MRI was work related. However, due to the length of time that had passed without improvement in Claimant's symptoms, she now believed that Claimant's work injury caused the thoracic disc herniation.

Employer presented the testimony of Arnold Berman, M.D., an orthopedic surgeon, who did an IME of Claimant on March 17, 2014. Dr. Berman opined that Claimant's accepted work injury had resolved because no objective manifestations of injury were found in his IME. Dr. Berman rejected the 2012 MRI report of disc bulge and herniation because his clinical examination done nearly two years later could not confirm them.

WCJ Eader rejected Employer's argument that the review petition was barred by *res judicata*. WCJ Briston had granted Claimant's reinstatement petition without addressing Claimant's review petition. Because a final ruling was never issued on Claimant's first review petition, the second review petition was not barred by *res judicata*.

4

On the merits, WCJ Eader credited the opinions of Drs. Kaiser and Brady and rejected the opinion of Dr. Berman. Accordingly, WCJ Eader denied Employer's termination petition and granted Claimant's second review petition, amending the description of the work injury to include a thoracic disc herniation.

Employer appealed to the Board, arguing that WCJ Eader erred in rejecting its *res judicata* defense to Claimant's review petition.[4] The Board agreed. It observed that WCJ Briston specifically relied on Dr. Brady's admission that the thoracic disc herniation "could have occurred at any time" and was unable to relate it to Claimant's work injury. Board Adjudication, 12/29/2016, at 3 (quoting WCJ Briston Decision, 8/27/2013, at 4, Finding of Fact No. 5). Further, WCJ Briston found that Claimant's work injury was a "thoracolumbar myoligamentous sprain/strain." Board Adjudication, 12/29/2016, at 3 (quoting WCJ Briston Decision, 8/27/2013, at 6, Finding of Fact No. 7). Although WCJ Briston's decision did not expressly address Claimant's review petition, it accepted Dr. Bednarz's opinion that the description of the injury should not be expanded. The Board held that Claimant should have appealed WCJ Briston's decision limiting his work injury to a sprain.

Claimant petitioned for this Court's review. In *Rosenberry v. Workers' Compensation Appeal Board (Ramsey Construction, LLC)* (Pa. Cmwlth., No. 67 C.D. 2017, filed December 20, 2017), we concluded that we could not say whether WCJ Briston had addressed Claimant's review petition. Accordingly, we vacated the Board's adjudication and remanded the matter to a WCJ for findings of fact and conclusions of law so that it could be determined whether *res judicata* precluded Claimant's second review petition.

---

[4] Employer did not appeal the denial of its termination petition.

5

The remand matter was assigned to WCJ Eader, who concluded that WCJ Briston did not make an express ruling on Claimant's first review petition but did grant Claimant's reinstatement petition. As such, WCJ Eader concluded that without a final judgment on the merits of the first review petition, *res judicata* did not bar Claimant's second review petition. WCJ Eader granted the second review petition and amended the description of the injury to include a thoracic disc herniation.

Employer appealed to the Board, which concluded that Employer's appeal raised a purely legal question, *i.e.,* whether *res judicata* barred the second review petition. The Board found that WCJ Briston rendered a final decision on the merits of the first review petition because she made a specific factual finding that limited Claimant's work injury to a thoracolumbar sprain/strain. Stated otherwise, she denied Claimant's review petition by not expanding the work injury to include herniation, as he requested. Because Claimant did not appeal WCJ Briston's decision to the Board, it became a final adjudication on the scope of Claimant's work injury. This precluded Claimant's second review petition.

Claimant has again petitioned for this Court's review.[5] Claimant contends the Board erred in holding that *res judicata* barred his second review petition because WCJ Briston did not formally rule on his first review petition.

We begin with a review of the doctrines *res judicata* and collateral estoppel. Collateral estoppel is encompassed within the doctrine of *res judicata*,

_____

[5] This Court's review of an order of the Board determines "whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, [or] whether constitutional rights were violated or an error of law was committed." *Ingrassia v. Workers' Compensation Appeal Board (Universal Health Services, Inc.)*, 126 A.3d 394, 400 n.6 (Pa. Cmwlth. 2015). Regarding questions of law, our review is plenary. *American Road Lines v. Workers' Compensation Appeal Board (Royal)*, 39 A.3d 603, 610 n.6 (Pa. Cmwlth. 2012).

6

which "prevents the relitigation of claims and issues in subsequent proceedings." *Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001). In technical *res judicata*, often called claim preclusion, "when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." *Id.* In order for technical *res judicata* to apply, there must be: "(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." *Id*. at 366. Technical *res judicata* will bar "claims that were actually litigated as well as those matters that should have been litigated." *Id.* Further, "causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Id.*

The doctrine of collateral estoppel, often called issue preclusion, "is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated." *Pucci v. Workers' Compensation Appeal Board (Woodville State Hospital)*, 707 A.2d 646, 647–48 (Pa. Cmwlth. 1998). Collateral estoppel applies where:

> 1) the issue decided in the prior case is identical to the one presented in the later case; 2) there was a final judgment on the merits; 3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and 4) the determination in the prior proceeding was essential to the judgment.

*Id*. at 648.

Both Claimant and Employer cite this Court's holding in *Henion*, 776 A.2d 362, to support their respective arguments. Claimant contends *Henion* establishes that a second claim may be filed when the merits of the first claim have

7

not been addressed by the WCJ. Employer contends *Henion* is distinguishable because the claimant in *Henion* did not file two identical claims, as Claimant has done in this case.

In *Henion*, the claimant filed a specific loss petition for the loss of one-half of his right middle finger. He withdrew the petition when the employer issued an NCP accepting liability for the work injury. The claimant then filed a claim petition, alleging that the work injury also included an injury to his right hand and right index finger. The claimant alleged this injury was separate and distinct from the specific loss award. The WCJ denied his claim, the Board affirmed, and no further appeal was taken.

The claimant then filed a second claim petition, asserting that he suffered carpal tunnel syndrome in both hands as a result of his work injury. He also filed a review petition to have the NCP amended to include carpal tunnel syndrome. The employer asserted that the second claim petition and the review petition were barred by *res judicata*. The WCJ agreed, and the Board affirmed. On appeal, this Court concluded that *res judicata* did not apply because the causes of action were not identical. The first proceeding involved an injury to the right hand and right index finger, and the second proceeding involved carpal tunnel syndrome in both hands. Collateral estoppel did not apply because the existence of carpal tunnel syndrome was neither litigated nor necessary to the first proceeding. Accordingly, we reversed the Board.

Employer argues that *Henion* is distinguishable because Claimant's two review petitions are identical. We agree. Claimant did not appeal WCJ Briston's decision and, instead, filed a second review petition to litigate the identical issue. *Res judicata* bars his second review petition. This conclusion is consistent with this

8

Court's recent decision in *Pinto v. Workers' Compensation Appeal Board (Main Line Healthcare)* (Pa. Cmwlth., No. 739 C.D. 2018, filed February 22, 2019).[6]

In *Pinto*, the claimant filed a claim petition alleging that a fall at work had injured the cervical, thoracic and lumbar regions of his spine. The WCJ found that the work injury "shall be defined to include lumbar strain/sprain and lumbosacral radiculitis[.]" *Id.*, slip op. at 4 (quoting 2015 WCJ decision). The claimant alleged that the injury also caused cervical herniations, but the WCJ did not address that claim. The claimant did not appeal to the Board.[7]

Several months later, the employer denied liability for the claimant's neck surgery. In response, the claimant filed a reinstatement petition and a review petition "seeking review of [the WCJ's] description of the work injury…." *Pinto*, slip op. at 5. The employer argued that the claimant's review petition was barred by *res judicata*. The claimant responded that she was not seeking to expand the injury but sought only a clarification of the WCJ's earlier decision. Rejecting the employer's *res judicata* argument, the WCJ granted both the reinstatement and review petitions.

The employer appealed to the Board, which reversed. It held a WCJ cannot review the merits of another WCJ's decision. Rather, the merits of a WCJ's decision may be addressed only by appeal to the Board. This Court affirmed the Board.

In doing so, this Court acknowledged that clarification of a WCJ decision can be appropriate in some circumstances. For example, in *Knouse v.*

---

[6] *Pinto* is an unreported opinion. Under Section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

[7] The employer appealed to the Board. The appeal was limited to the length of time the claimant was entitled to benefits. The parties resolved the issue pursuant to a stipulation of facts, approved by the Board.

9

*Workers' Compensation Appeal Board (G.O.D., Inc.)*, 886 A.2d 329 (Pa. Cmwlth. 2005), a WCJ found that the claimant suffered a work-related lumbar disc sprain but not a disc herniation. Years later, in the course of a reinstatement petition, the same WCJ found that the claimant's lumbar disc sprain was more appropriately described as an annular disruption. This Court agreed that using the "annular disruption" terminology was a simple clarification occasioned by the medical experts' testimony that a sprained low back was best described as an annular disruption. *Id.* at 336. This clarification did not implicate *res judicata*.

Pinto distinguished *Knouse* and relied, instead, on *Corbett v. Workers' Compensation Appeal Board (Port Authority of Allegheny County)* (Pa. Cmwlth., No. 2726 C.D. 2010, filed August 24, 2011). In *Corbett*, the claimant filed a claim petition alleging injuries to his left shoulder, neck, left leg, left hip and low back. The WCJ granted the claim petition on the basis of four of the injuries, but he did not address the alleged low back injury. The claimant did not appeal. One year later, the claimant filed a review petition requesting that his work injury be amended to include a low back injury. A second WCJ granted the review petition, rejecting the employer's *res judicata* defense. The WCJ reasoned that the claimant could not have appealed the first WCJ's determination because it granted his claim petition. The Board reversed, explaining that the description of a work injury was fundamental to the decision. As such, *res judicata* barred the Claimant's review petition, and this Court affirmed.

In his appeal to this Court, the claimant argued that the omission of the back injury was a mistake and that he lacked standing to appeal the grant of benefits. We disagreed. We held that the claimant had standing to appeal because the claim petition alleged five injuries, and the WCJ accepted only four of the alleged injuries.

10

Because the WCJ did not find the alleged low back injury work-related, the Claimant had standing to appeal to the Board.

In *Pinto*, we found the holding in *Corbett* dispositive. We explained our decision on *res judicata* as follows:

> The Court must conclude that the relief sought by [the claimant] – the inclusion of cervical herniation in her injury description – is a substantive change rather than a clarification and that the elements of technical *res judicata* are met. Before [the first WCJ, the claimant] asserted an injury to the cervical spine and submitted medical reports and imaging of cervical herniations. [The first WCJ] summarized this evidence, as well as [the employer's] evidence, in findings of fact, but did not make any specific finding as to which evidence he accepted and which he rejected. Of importance here, he omitted cervical herniations from the injury description, without even cursory reasoning as to why.[] These omissions are not small [as the claimant] now asserts that cervical herniations are why she cannot work and is entitled to benefits. Even if, as [the claimant] urges, the evidence presented … was adequate to support a determination that [she] suffered a work injury of which cervical herniations were a part, [the WCJ] did not include them in describing her injury. The omission, if a mistake, would have properly been brought in an appeal [to the Board].

*Pinto*, slip op. at 10-11 (emphasis added; internal footnote omitted). We concluded that the claimant was aggrieved because she prevailed in the first proceeding only in part. Therefore, she was required to appeal to the Board. Because the claimant did not appeal, the first WCJ's decision became final and could not be collaterally attacked by a later review petition.

Returning to the present case, we conclude that *Pinto* provides the relevant precedent. Claimant seeks to add a thoracic disc herniation to the description of his work injury. This is a substantive change and not a mere

11

clarification. WCJ Briston summarized the evidence presented on the thoracic disc herniation, but she did not make a finding that it was work-related. Because the WCJ's description of his injury omitted the thoracic disc herniation, Claimant could have appealed to the Board. Because Claimant did not appeal, WCJ Briston's decision is final and cannot be collaterally attacked by a second review petition.

For the above reasons, we affirm the order of the Board.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Rosenberry,            :
             Petitioner       :
                              :

            v.                 :    No. 446 C.D. 2019
                              :

Workers' Compensation Appeal     :
Board (Ramsey Construction, LLC),   :
            Respondent    :

## **O R D E R**

AND NOW, this 22nd day of November, 2019, the order of the Workers' Compensation Appeal Board, dated April 3, 2019, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge