IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Carnevale,                 :
                  Petitioner   :
                          :
       v.                  :   No. 617 C.D. 2021
                          :   Submitted: August 5, 2022
Commonwealth of Pennsylvania  :
(Workers' Compensation Appeal   :
Board),                       :
             Respondent  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                     FILED: December 29, 2022

Joseph Carnevale (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ). The WCJ granted Selinsgrove State Hospital's (Employer) petition to modify Claimant's benefits from temporary total disability (TTD) to partial disability (TPD) under the Workers' Compensation Act (Act),[1] following the results of a new impairment rating evaluation (IRE) (Modification Adjudication). Claimant argues that the doctrine of *res judicata* barred the WCJ from ruling on Employer's petition because of the WCJ's prior decision reinstating Claimant's TTD benefits (Reinstatement Adjudication), which we reviewed in *Carnevale v. Commonwealth of Pennsylvania (Workers' Compensation Appeal Board)* (Pa. Cmwlth. Nos. 30, 31 C.D. 2021, filed

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

September 22, 2022), 2022 WL 4372600 (unreported) (*Carnevale I*). After careful consideration, we affirm.

## BACKGROUND

### *Case History*

Our review begins with *Carnevale I*, this Court's recent decision involving the same parties. In September 2006, Claimant sustained a lower-back injury while working for Employer and began receiving TTD benefits. *Carnevale I*, slip op. at 2. In August 2011, a physician performed an IRE on Claimant, applying the "most recent edition" of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) under the former Section 306(a.2) of the Act, 77 P.S. § 511.2(1) (repealed).[2] *Id*. at 3. The IRE yielded a 24% whole body impairment rating, and Claimant no longer qualified for TTD benefits based on these results. *Id*. Accordingly, his disability status was modified from "total" to "partial," effective of the IRE date. *Id*.

In February 2017, Claimant sought reinstatement of TTD benefits based on the unconstitutional IRE process that had served as a basis to modify his disability status. *Carnevale I*, slip op. at 4. *See Protz v. Workers' Comp. Appeal Bd. (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*) (striking former Section 306 (a.2) from the Act as unconstitutional).

On February 10, 2020, the WCJ issued a Reinstatement Adjudication. To remedy the constitutional deficiencies of the former IRE process, the WCJ reinstated Claimant's TTD benefits as of the date he filed for reinstatement, and the Board affirmed. *Id*. This Court affirmed the Board's decision, holding that absent a direct appeal challenging the IRE's validity, a claimant's disability status would

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714.

be reinstated as of the date of the filed petition, not the date of the IRE. *Id*. at 9-10 (citing *White v. Workers' Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225 (Pa. Cmwlth. 2020) (*en banc*)).

### *Present Facts*[3]

Relevant to the instant matter, on February 4, 2020, Dr. Michael D. Wolk performed a new IRE on Claimant. This new IRE was conducted using the Sixth Edition of the AMA Guides under the new guidelines promulgated by Section 306(a.3), 77 P.S. § 511.3 (Act 111),[4] which replaced the former Section 306(a.2). Claimant's new IRE results yielded an 18% whole person impairment rating, which fell below the 35% statutory threshold for "total" disability. 77 P.S. § 511.3(2). On February 21, 2020, following the new IRE results, Employer filed a petition to modify Claimant's benefits from TTD to TPD benefits. Claimant objected by filing an answer.

At the WCJ's May 1, 2020 hearing, Claimant did not testify or submit additional evidence. By a September 11, 2020 decision, the WCJ issued a Modification Adjudication, which granted Employer's petition and modified Claimant's benefits as of the new IRE date, February 4, 2020. The WCJ credited Employer's medical expert and found that the new IRE results were unequivocal, unrebutted evidence of Claimant's changed disability status. In addition, the WCJ found that Claimant had received more than 104 weeks of TTD benefits and had reached the maximum medical improvement with a whole person impairment rating of less than 35% under the Sixth Edition of the AMA Guides. 77 P.S. § 511.3(2),

---

[3] Unless stated otherwise, we adopt the factual background for this case from the WCJ's Modification Adjudication, entered September 11, 2020, which is supported by substantial evidence of record. *See* WCJ Adjudication, 9/11/20, Findings of Fact at 1-12.

[4] Act of October 24, 2018, P.L. 714, No. 111.

3

(7). The WCJ did not alter the amount of Claimant's weekly benefits. Claimant appealed.

In its May 6, 2021 order, the Board affirmed the WCJ's decision and rejected Claimant's *res judicata* claim. The Board found that because Claimant's petitions resolved by the WCJ in its Reinstatement Adjudication involved different issues, burdens of proof, and facts, Employer's petition was not barred by *res judicata*. Claimant petitions this Court for review.[5]

## ISSUE

Claimant asserts that Employer's modification petition was barred by *res judicata*.[6] Claimant's Br. at 22-23. According to Claimant, the WCJ's Reinstatement Adjudication estopped Employer from further challenging his disability status. *See id*. at 23. Employer rejects Claimant's argument, responding that the WCJ's Reinstatement Adjudication, addressed in *Carnevale I*, and the WCJ's Modification Adjudication, reviewed in the instant matter, involve different issues and facts, and therefore, its modification petition is not barred by *res judicata*. Employer's Br. at 11-13.

## DISCUSSION

After 104 weeks of TTD benefits, an employer may request that a claimant submit to an IRE. 77 P.S. § 511.3(1). If the IRE results show that the claimant has a whole-body impairment of 35% or less, an employer may file a petition to modify the claimant's disability benefits. 77 P.S. § 511.3(2).

---

[5] Our review is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 976 n.3 (Pa. Cmwlth. 2022).

[6] Counsel for Claimant inaptly submitted identical briefs in this case and *Carnevale I*. Claimant's additional claims were addressed in *Carnevale I*. *See* Claimant's Br. at 11-22.

Here, Claimant's receipt of TTD benefits surpassed 104 weeks. *See* WCJ Adjudication, 9/11/20; Findings of Fact at 10.[7] Thereafter, Employer requested a new IRE, which revealed that Claimant maintained an 18% total body impairment rating. With this evidence, Employer filed its modification petition. Claimant offered no evidence to rebut Employer's impairment evidence. Thus, we discern no error in the WCJ's decision to grant Employer's modification petition to modify benefits, based on uncontroverted evidence of an impairment rating below the statutory threshold. 77 P.S. §§ 511.3(1), (2).[8]

Nevertheless, Claimant asserts that Employer's petition is barred by the doctrine of *res judicata*. The doctrine of *res judicata* "prevents a future suit between the same parties on the same cause of action after final judgment is entered on the merits of the action." *Linton v. Workers' Comp. Appeal Bd. (Amcast Indus. Corp.)*, 991 A.2d 376, 381 (Pa. Cmwlth. 2010). Technical *res judicata* is satisfied by: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or capacity suing. *Henion v. Workers' Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365-66 (Pa. Cmwlth. 2001). Actions are deemed identical and, thus, barred by *res judicata*, "when the subject matter and the ultimate issues are the same in both the old and the new proceedings" or the claim was "actually litigated" or "should have been." *Id.* at 366.

The instant matter is not barred by *res judicata*. Although the parties in both matters are the same, Claimant is unable to satisfy the remaining factors of

---

[7] Claimant received TTD benefits from October 18, 2006, to August 2, 2011, and from February 13, 2017, to February 4, 2020. *See generally* WCJ Adjudication, 9/11/20.

[8] Claimant's contention that Employer must await the conclusion of *Carnevale I* or request to reopen the record is not supported by the Act. The triggering event for a modification petition was Claimant's receipt of 104 weeks of TTD benefits, which is sufficiently met here. 77 P.S. § 511.3.

5

the *Henion* test. In the Reinstatement Adjudication, the WCJ resolved the constitutional infirmity of Claimant's changed disability status based on the former IRE process. 77 P.S. § 511.2(1) (repealed). The "sole issue" before us in *Carnevale I* was whether the WCJ applied the correct date for reinstatement of benefits. *Id.* at slip op. at 1. There was no contest as to whether Claimant was *eligible* for said benefits. *Id.* Here, by contrast, the Modification Adjudication assessed Claimant's present disability status and whether Employer satisfied its burden of proving modification was appropriate. 77 P.S. § 511.3(7). The causes of action, *i.e.*, Claimant's petitions, reviewed in the Reinstatement Adjudication, and Employer's petition, addressed in the Modification Adjudication, involve different burdens of proof, facts and issues. *See* Bd. Decision, 5/6/21, at 7. Therefore, the Board did not err in rejecting Claimant's *res judicata* claim. *See Linton*, 991 A.2d at 381; *Henion*, 776 A.2d at 366.

## CONCLUSION

Following Claimant's receipt of 104 weeks of TTD benefits, Employer was entitled to request an IRE to assess Claimant's disability status, and thereafter, petition for modification of Claimant's benefits based on changes revealed through the IRE process. 77 P.S. § 511.3(7). Further, *res judicata* is not implicated in the instant matter because the WCJ's Reinstatement Adjudication, addressed in *Carnevale I*, did not preclude Employer from seeking modification following a change in Claimant's disability status. Accordingly, we affirm.

 

 

_____

LORI A. DUMAS, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Carnevale,  :
              Petitioner  :
   :
        v.  :  No. 617 C.D. 2021
   :
Commonwealth of Pennsylvania  :
(Workers' Compensation Appeal  :
Board),  :
           Respondent  :

## **O R D E R**

AND NOW, this 29th day of December, 2022, the order of the Workers' Compensation Appeal Board, entered May 6, 2021, in the above-captioned matter is AFFIRMED.

LORI A. DUMAS, Judge